Ex parte Bob LEWIS.

No. 53481.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted of the offense of aggravated assault with a deadly weapon on March 14, 1975, and granted a six year probated term. On May 18, 1976, the probation was revoked. No appeals were taken.

1. The record affirmatively shows that petitioner waived his right to be indicted by a grand

Petitioner filed his application for writ of habeas corpus with the trial court, alleging that the information [1] upon which petitioner was convicted was fundamentally defective since the information failed to allege the name of a complainant and since there was no allegation that the accused caused or threatened to cause harm or injury to another as required under V.T.C.A., Penal Code Sections 22.01 and 22.02.

The information in petitioner's case, omitting the formal parts, alleges:

"Bob Lewis, who is hereinafter styled defendant, on or about the 12th day of March, A.D., 1975, and before the making and filing of this Information, in the County and State aforesaid, did then and there intentionally and knowingly use a deadly weapon, to-wit: a firearm, that in the manner of its use and intended use was capable of causing death and serious bodily injury."

The trial court has recommended that the writ be granted since the information is fundamentally defective, and the State's brief concedes that error of fundamental dimensions has occurred. We agree, noting that it is fundamental that the name of the complaining witness is a necessary requisite to a valid indictment or information. See Articles 21.02, 21.07, and 21.21, V.A.C.C.P. We are also in agreement that the information in the case at bar fails to properly allege that the appellant caused or threatened to cause harm or injury to another as required by the provisions of Sections 22.01 and 22.02, supra. See *Williams v. State,* 524 S.W.2d 73 (Tex.Cr.App.1975); *McElroy v. State,* 528 S.W.2d 831 (Tex.Cr. App.1975).

Furthermore, it is apparent that petitioner may challenge fundamentally defective indictments by way of a post-conviction application for writ of habeas corpus. See *Standley v. State,* 517 S.W.2d 538 (Tex. Cr.App.1975); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Huggins v. State,* 544 S.W.2d 147 (1976).

jury and that the prosecution proceeded upon an information. See Article 1.141, V.A.C.C.P.

For the reasons stated, the relief is granted, the conviction is set aside, and the information is ordered dismissed.