Maryam MOALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-83-0004-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1983.

Discretionary Review Granted
March 7, 1984.

Glen Van Slyke, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before EVANS, C.J., and LEVY and BULLOCK, JJ.

## OPINION

LEVY, Justice.

Appellant seeks reversal of a conviction for credit card abuse upon her plea of nolo contendere, for which she received a five year probated sentence and a fine of five hundred dollars.

Section 32.31(b)(2) of the Penal Code denounces the use of a fictitious credit card for the purpose of obtaining property or service. Appellant filed a motion to quash the indictment, which the trial court denied; however, the court subsequently granted appellant permission to appeal from her conviction upon her plea of nolo contendere. Although appellant brings seven grounds of error before this court, our disposition of the fifth and sixth grounds of error makes it unnecessary to discuss the remaining grounds.

The indictment under which appellant was charged provides in pertinent part as follows:

that Maryam Moallen, . . . did then and there unlawfully and with intent to ob-

tain property and service, use a fictitious Southwestern Bell Telephone Company credit card, purporting to be issued by Southwestern Bell Telephone Company to Maryam Moallen.

In her fifth and sixth grounds of error, appellant urges that the indictment was fundamentally defective in that it failed to identify a complainant, or victim, of the offense, and that the trial court erred in not quashing the indictment for such reason.

 Because of the nature and usage of a telephone credit card, it could certainly be concluded that the complainant in this indictment was Southwestern Bell Telephone Company, but the record is silent. The Court of Criminal Appeals has on many occasions held that it is essential that the name of the complaining witness be a necessary constituent of a valid indictment or information and that the failure to allege the complainant's name constitutes fundamental error. See *Ex parte Lewis,* 544 S.W.2d 430 (Tex.Cr.App.1976). In *Lewis,* the indictment merely stated that the defendant intentionally and knowingly used a deadly weapon and there was no allegation of whom he used it against. In the instant case, the indictment provided no indication from whom the appellant intended to obtain the property or service, or against whom she used the card. See also *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); *King v. State,* 594 S.W.2d 425 (Tex.Cr.App. 1980).

A second defect, which might recur upon retrial, is also apparent. It is elementary that any criminal pleading be clear and ascertainable, and state facts which, if true, show a violation of the law. *Posey v. State,* 545 S.W.2d 162 (Tex.Cr.App. 1977). Although it is generally sufficient to allege an offense in the terms of the statute without alleging additional facts, if it is the manner and means by which an act is allegedly done that makes the otherwise innocent act a criminal offense, it is necessary to allege facts showing the manner and means which make the act a criminal offense. *Posey, supra.* The State's failure to allege how and in what manner the credit card involved herein was fictitious makes such allegation merely a conclusion and does not explain *how* it is "fictitious." Likewise, the allegation that the card was purported to be issued to the defendant does not say in itself that indeed it had *not* been issued to the defendant. And if the defendant used a card which had her name on it, we find it difficult to see how she has committed an offense. It appears rather conclusively that the indictment did not describe the card in question with sufficient particularity to give the appellant notice of exactly what she is being charged with.

For the fundamental errors discussed herein, the cause is reversed and remanded to the trial court with instructions to dismiss the indictment.