**Maryam MOALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1076–83.**

Court of Criminal Appeals of Texas, En Banc.

April 3, 1985.

Glen Van Slyke, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Kay Burkhalter, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of credit card abuse pursuant to V.T.C.A. Penal Code, Sec. 32.31(b)(2). Upon her plea of nolo contendere, she received a five year probated sentence and a fine of five hundred dollars. By agreement it was understood, however, that she would have the right to appeal the trial court's denial of her motion to quash the indictment.

On appeal, the Houston Court of Appeals for the First Supreme Judicial District reversed appellant's conviction, finding the indictment fundamentally defective, and ordered it dismissed. *Moallen v. State*, 661 S.W.2d 204, delivered September 29, 1983. We granted the State's Petition for Discretionary Review to determine the correctness of this decision. We reverse and remand.

The indictment charged, inter alia, that appellant "did then and there unlawfully and with intent to obtain property and service, use a fictitious Southwestern Bell Telephone Company credit card, purporting to be issued by Southwestern Bell Telephone Company to Maryam Moallen." Citing *Ex parte Lewis*, 544 S.W.2d 430 (Tex. Cr.App.1976), the court of appeals concluded that the indictment was *fundamentally* [1] defective for its failure to allege "from whom the appellant intended to obtain the property or service, against whom she used the card, and how and in what manner the credit card involved herein was fictitious." We disagree with the court of appeals.

Sec. 32.31(b)(2), supra, provides, in pertinent part:

"(b) A person commits an offense if:

"(2) with intent to obtain property or service, he uses a fictitious credit card...."

The constituent elements of Section 32.-31(b)(2), supra, are: (1) a person (2) with intent to obtain property or service (3) uses

cated.

(4) a fictitious credit card or (5) pretended number or description of fictitious credit card. See Branch's Texas Ann. Penal Statutes, 3d ed., Vol. II, Sec. 32.31, p. 563.

In *Lewis*, supra, relied upon by the court of appeals, defendant was convicted of aggravated assault with a deadly weapon. The indictment, however, failed to specify a complainant in alleging that defendant did, "then and there intentionally and knowingly use a deadly weapon, to wit: a firearm, that in the manner of its use and intended use was capable of causing death and serious bodily injury." *Lewis*, supra. This Court held this indictment to be fundamentally defective because there was no allegation that the accused caused or threatened to cause harm or injury to another as required under V.T.C.A. Penal Code, Secs. 22.01 and 22.02, and thus the indictment failed to state an offense against the laws of the state. Indeed, it can easily be seen that the indictment in *Lewis*, supra, would not invoke the jurisdiction of any district court in this State.

 In the instant offense, however, there need not necessarily be a "victim" for there to be a violation of the law. The gravaman of the offense is that the accused *use a fictitious credit card*. The very fact that the credit card is fictitious implies there is no actual owner of the card who is victimized. Likewise, the State must show only that the accused *intended* to obtain property or services, and it is not a requisite to plead and prove that he actually obtained something from someone other than himself, i.e., obtain something from a "victim". The fact that his original intent resulted in fruition is immaterial to whether an offense was committed. There being no absolute requirement of a "victim", failure to allege the same does not render the indictment *fundamentally* defective. Cf. *Ex parte Munoz*, 657 S.W.2d 105 (Tex.Cr.App.1983). Reliance upon *Lewis*, supra, by the court of appeals is misplaced.

 The court of appeals also held that the indictment was *fundamentally* defective for failing to allege how and in what manner the credit card was fictitious. Here again, because the indictment as presented does state an offense on its face, fundamental error is not indicated. See *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Cf. *Posey v. State*, 545 S.W.2d 162 (Tex.Cr.App.1977).

Finding no *fundamental* defect in the indictment, we reverse the judgment of the court of appeals and remand the cause to that court for its determination of whether it was "reversible" error for the trial court to deny the motion to quash, and to assay whether or not any infirmity in the indictment rendered it defective as a bar to subsequent prosecution for the same offense. See e.g., *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980); *King v. State*, 594 S.W.2d 425 (Tex.Cr.App.1980).