**Maryam MOALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0004–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1985.

Glen Van Slyke, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Kay Burkhalter, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION ON REMAND

COHEN, Justice.

Appellant pleaded no contest to an indictment for credit card abuse, and the court, following a plea bargain agreement, assessed punishment at five years probation and a $500.00 fine. Appellant asserts seven grounds of error claiming that the indictment was fundamentally defective and that the court erred in denying her motion to quash the indictment.

On September 29, 1983, 661 S.W.2d 204, a panel of this Court delivered its opinion sustaining ground of error number five and held that the indictment was fundamentally defective because it failed to name the victim of the offense.

The State's petition for discretionary review was granted, and on April 3, 1985, the Court of Criminal Appeals reversed the judgment of the panel, held that there was no fundamental defect in the indictment, and remanded the cause to this Court for determination of whether it was reversible error for the trial court to have denied the motion to quash. *Moallen v. State*, 690 S.W.2d 244 (Tex.Crim.App.1985).

The first ground of error asserts that the indictment was fundamentally defective for failing to allege a culpable mental state. The indictment tracks the relevant statute, Tex.Penal Code Ann. sec. 32.31(b)(2) (Vernon 1974), in alleging that the appellant acted "with intent to obtain property and service." The Court of Criminal Appeals

held in its opinion in this case that that is the only mental state required and that the indictment contained no fundamental defect. Ground of error one is overruled.

The second ground of error asserts that the indictment was fundamentally defective because it did not particularly describe the property and service that appellant intended to obtain. As previously stated, the Court of Criminal Appeals has reviewed the indictment in this case and held that it was not fundamentally defective. The second ground of error is overruled.

■ The third ground of error contends that the trial court erred in refusing to quash the indictment because it did not particularly describe the property and services that appellant intended to obtain. It would be an unreasonable burden to require the State to allege what the appellant intended to obtain. This fact is generally known only to the appellant and not to the State. This was recognized by this Court in similar circumstances in *Gonzales v. State*, 638 S.W.2d 41, 44 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The defendant there was charged with possession with intent to deliver cocaine. A panel of this Court held that, "The State was not required to speculate on which manner of delivery the appellant intended to use and allege such in the indictment." *Id.* The same rationale was used in *Jones v. State*, 576 S.W.2d 393, 395 (Tex.Crim.App.1979). These cases distinguish between a defendant who performs a prohibited act and one, like appellant, who acts "with intent to" do a prohibited act, but is not alleged to have completed the act. Because it would be an unreasonable burden to require the State to describe what property and services appellant intended to obtain, we reject this contention and overrule the third ground of error.

We have not discussed any fourth ground of error because there is none. Appellant's brief goes from the third ground of error to the fifth and does not label any ground of error as number four.

The fifth ground of error was overruled by the Court of Criminal Appeals in its opinion in this case and requires no further discussion.

■ The sixth ground of error contends that the trial court erred in denying the motion to quash because the indictment failed to specify the name of the victim. The Court of Criminal Appeals opinion in this case, in overruling ground of error number five, held that an indictment for credit card abuse under this portion of the statute is not required to name a victim. The Court wrote:

> In the instant offense, however, there need not necessarily be a "victim" for there to be a violation of law. ... There being no absolute requirement of a "victim," failure to allege the same does not render the indictment *fundamentally* defective.

690 S.W.2d at 246.

Because there is no requirement of a victim for there to be a violation of law, we hold that the State was not required to name the victim when asked to do so in the motion to quash. Ground of error six is overruled.

The seventh ground of error asserts that the indictment is fundamentally defective for failure to allege the manner in which the credit card was "fictitious." The Court of Criminal Appeals in its opinion in this case held that there was no fundamental defect in the indictment. The seventh ground of error is overruled.

■ The eighth ground of error contends that the trial court erred in failing to quash the indictment for failure to adequately describe the credit card in question. The motion to quash demanded to know the "name, kind, number and ownership" of the card, the identity of the "issuer," and the identity of the "card holder."

The indictment alleged that the appellant used "a fictitious Southwestern Bell Tele-phone Company credit card, purporting to be issued by Southwestern Bell Telephone Company to Maryam Moallen." This identifies the purported card holder to have been appellant and the purported issuer to have been Southwestern Bell Telephone Company. As the Court of Criminal Appeals observed in its opinion, "the very fact that the credit card is fictitious implies there is no actual owner of the card...." We conclude that the references in the indictment to Southwestern Bell Telephone Company and to appellant were sufficient to identify the name, ownership, issuer, and card holder. Appellant cites no authority holding that more information is required. The eighth ground of error is overruled.

The judgment is affirmed.

LEVY, Justice, dissenting.

At the risk of incurring the charge of being intractable, or uneducable, I adhere substantially to the views expressed in this Court's earlier *Moallen* opinion, *Moallen v. State*, 661 S.W.2d 204 (Tex.App.—Houston [1st Dist.] 1983), and will attempt another and, hopefully, more persuasive formulation.

Omitting the formal portions, the indictment charged, in pertinent part:

> that Maryam Moallen ... did then and there unlawfully and with intent to obtain property and service, use a fictitious Southwestern Bell Telephone Company credit card, purporting to be issued by Southwestern Bell Telephone Company to Maryam Moallen.

A charging instrument must give the accused precise notice of the "nature and cause of the accusation against him." Tex. Const. art. I, sec. 10. A cursory analysis of the indictment reveals that it is seriously deficient in failing to identify the owner or dispenser, or the nature, of the "property and service" that the appellant sought to obtain by use of a "fictitious" [1] credit card.

---

1. The term "fictitious" is nowhere defined by our Penal Code, nor are the facts and circumstances that render the subject card "fictitious" anywhere set forth in the indictment, although the card was purportedly issued to the appellant. It thus appears to the majority to be a criminal offense to use a "fictitious" credit card "purportedly" issued to oneself with intent to

The unnamed complainant could theoretically have been: 1) Southwestern Bell Telephone Company; 2) the actual owner of the card purportedly issued to Maryam Moallen; or 3) the owner or dispenser of the "property and services" that the appellant intended to obtain. Similarly deficient is the absence of any clear meaning or explication of the conclusory word "fictitious." By these conspicuous ambiguities, the accused is improperly required to anticipate any and all variant facts (about the ownership of the "property and service" and the validity of the credit card) that the State might hypothetically seek to establish for a conviction. *See Ferguson v. State,* 622 S.W.2d 846, 848 (Tex.Crim.App.1980); *Drumm v. State,* 560 S.W.2d 944, 947 (Tex.Crim.App.1977) (en banc).

Appellant's motion to quash entitled her to the allegation of facts sufficient to bar a further prosecution for the same offense and sufficient to give her precise notice of the offense with which she was charged. *Ellis v. State,* 613 S.W.2d 741 (Tex.Crim.App.1981); *Cruise v. State,* 587 S.W.2d 403, 405 (Tex.Crim.App.1979); Tex.Code Crim.P.Ann. art. 27.09 (Vernon 1966).

I recognize that unless a fact is essential, the indictment need not plead evidence relied on by the State. *See Smith v. State,* 502 S.W.2d 133, 134 (Tex.Crim.App.1973). I recognize also that the State need not clarify a charging instrument when the terms or allegations challenged do not relate to an act or omission of the defendant. For example, in a delivery of heroin case, the State must specify, when timely requested, whether delivery was by physical transfer or by offer to sell. *Ferguson,* 622 S.W.2d at 848. In a theft case, the State must set out, again on timely request, the manner in which the defendant appropriated the property. *Gorman v. State,* 634 S.W.2d 681, 682–83 (Tex.Crim.App.1982). Specifying *who* the owner or dispenser of property or services is, and *what* property or services she was accused of intending to appropriate, are more than evidentiary matters: they go directly to the conduct of the

obtain property and service. *Cf. Harris v. State,*

accused and the manner and means by which the offense was allegedly committed, as necessarily seen from the appellant's perspective. Without being informed of *what* she was accused of intending to obtain, or from whom, or by what identifiable credit card, or what circumstances rendered her credit card "fictitious," appellant was unconstitutionally deprived of knowledge essential to her defense. *See Harris v. State,* 587 S.W.2d 429 (Tex.Crim.App. 1979); *Terry v. State,* 471 S.W.2d 848 (Tex.Crim.App.1971). The fog permeating this indictment is Kafkaesque in its thick and intimidating vagueness.

When the underlying statute denouncing the offense permits conviction on more than one set of circumstances, the accused may insist, by his motion to quash or exception, on *specific* allegations of what the State will rely upon to convict. *Cruise,* 587 S.W.2d at 404–05; *Amaya v. State,* 551 S.W.2d 385, 387 (Tex.Crim.App.1977); *Daniels v. State,* 674 S.W.2d 388, 391 (Tex.App. —Austin 1984, no pet.). Merely tracking the statutory language is not sufficient where, as here, the language of the statute is not completely descriptive of the offense. *Conklin v. State,* 144 Tex.Crim. 343, 346, 162 S.W.2d 973, 975 (1942); *cf. Baldwin v. State,* 538 S.W.2d 109 (Tex.Crim.App.1976).

In her timely motion to quash, appellant specified ten different ways that the indictment's allegations were insufficient to put her on notice of:

1) what property, or service, or both, that she allegedly sought to obtain;

2) the identity of the owners of the subject property or service, or the identity of some other possible complainant, so as to accord her due notice of the witnesses against her;

3) the description of the credit card, the identity of its issuer, or even of the cardholder, so as to accord her due notice of the charges and the witnesses against her; and

4) the manner and means used to commit the alleged offense.

150 Tex.Crim. 137, 199 S.W.2d 522 (1947).

**930**

A motion to quash should be sustained if the facts sought to be ascertained are essential to give adequate notice, as examined from the perspective of the accused. *See Jeffers v. State*, 646 S.W.2d 185, 189 (Tex.Crim.App.1981) (op. on reh'g). I conclude that the vagueness of the indictment, as described in the foregoing summary of the appellant's motion to quash, failed to provide the appellant with sufficient and specific information to enable her to prepare her defense. *Castillo v. State*, 689 S.W.2d 443, 447 (Tex.Crim.App.1984) (op. on reh'g); *McManus v. State*, 591 S.W.2d 505, 515 (Tex.Crim.App.1979) (en banc); *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim.App.1978). Moreover, such vagueness does not identify the alleged offense sufficiently to enable the appellant to plead any judgment that may be pronounced on it as a bar to any subsequent prosecutions for the same offense, because she is in essence accused of using a "fictitious" (the term is not only conclusory but undefined) credit card, *issued in her own name*, against an *unnamed* person, with intent to obtain *unspecified* property and services from an *unnamed* person, which property and services were hypothetically owned by an *unnamed* person. In my view, this is emphatically not the "precise notice" of the accusation that our Texas Constitution requires of a charging instrument.

I would sustain appellant's fifth, sixth, seventh, and eighth grounds of error, reverse the judgment of the trial court, and order the indictment dismissed.