IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-193-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





GERALD GONZALES,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY,



NO. 32,653, HONORABLE HOWARD S. WARNER, II, JUDGE 


 




 This is an appeal by the State from an order quashing and dismissing an
information. See Tex. Code Cr. P. Ann. art. 44.01(a)(1) (Supp. 1991). The complaint and
information charged Gerald Gonzales with the misdemeanor offense of possession of marihuana
in a useable quantity of less than two ounces. See Tex. Health & Safety Code Ann. sec. 481.121
(a) & (b) (Supp. 1991). Appellee Gonzales filed a motion to quash the information on the basis
that nformation (1) failed to allege or name a complainant and (2) was based upon a complaint
which did "not adequately allege the authority to so act of the person before whom the complaint
was sworn and subscribed."

 On August 31, 1990, the trial court, apparently after a hearing, granted appellee's
motion to quash and ordered the information dismissed. The State gave notice of appeal.

 The State advances four points of error. In points of error two and three the State
contends that the trial court erred in quashing the information because there is no need to allege
or name a complaining witness in the information in a possession of marihuana prosecution, and
that the instant complaint's jurat was sufficient to meet the requirements of the law. The fourth
point of error contends that the trial court's "dismissal of the case" was an improper remedy when a motion to quash has been granted. The State, as appellant, contends in its first point of
error that the trial court's action in quashing and dismissing the information was erroneous
"because the record is silent as to whether the substantial rights of the defendant were prejudiced."

 The elements of the Class B misdemeanor offense of possession of marihuana are
(1) a person (2) knowingly or intentionally (3) possesses a useable quantity of marihuana (4) in
an amount of two (2) ounces or less.

 The instant information alleged in pertinent part that appellee: did "then and there
knowingly and intentionally possess a useable quantity of marihuana of less than two (2) ounces." 
Subject to rare exceptions, an indictment or information that tracks the words of the penal statute
in question is legally sufficient. Marrs v. State, 647 S.W.2d 286, 289 (Tex. Cr. App. 1983); see
also Garcia v. State, 747 S.W.2d 379, 380 (Tex. Cr. App. 1988); Marras v. State, 741 S.W.2d
395, 401 (Tex. Cr. App. 1987). The instant information tracks the language of the statute. See
Tex. Health & Safety Code sec. 481.121 (a) & (b) (Supp. 1991). In light of the elements and the
nature of the offense, there need not necessarily be a "victim" or complaining witness in a
possession of marihuana offense for there to be a violation of the law. Moallen v. State, 690
S.W.2d 244, 246 (Tex. Cr. App. 1985). Any reliance upon Lewis v. State, 544 S.W.2d 430, 431
(Tex. Cr. App. 1976), to the effect that, in every case the name of the complaining witness is a
necessary requisite to a valid indictment or information is misplaced. See Moallen, 690 S.W.2d
at 245-46; Pierce v. State, No. 3-90-213-CR, this day decided. The instant information was
legally sufficient to charge the offense alleged. It was not void for the failure to allege the name
of the complaining witness in the body thereof.

 Any contention that the information is defective because it failed to allege therein
the name of the person who signed and swore to the complaint is without merit. It is not required
that the complaint be referred to in the information. Ashley v. State, 237 S.W.2d 311, 312 (Tex.
Cr. App. 1951). The trial court erred in granting the motion to quash the information on the basis
that no complainant was named therein. (1) The State's second point of error is sustained.

 In the third point of error, the State claims that the trial court erred in granting the
first motion to dismiss because the jurat on the complaint was sufficient. It was appellee's claim
that the jurat was insufficient to show the authority or official character of the officer or person
before whom the complaint was subscribed and sworn. The jurat on the complaint was subscribed
and sworn to before "John A. Costello, Attorney For The State, Hays County, Texas." The jurat
in the instant case is the same as the one in Pierce, No. 3-90-213-CR. For the reasons set forth
in Pierce, the trial court properly granted the motion to quash on the basis that the jurat did not
properly reflect the authority of John A. Costello to take the oath in question. The State's third
point of error is overruled.

 In the fourth point of error, the State urges that "dismissal of the case is the
improper remedy when a motion to quash is granted." If there is a distinction to be made between
dismissing the "case" as opposed to dismissing the "information," it is observed that the order in
the instant case dismissed the "information" only.

 The granting of a motion to quash and the statutory motion to set aside an
indictment or information (2) are synonymous in their common meaning of "to vacate, to annul, to
make void." Eaves v. State, 800 S.W.2d 220, 221 n.5 (Tex. Cr. App. 1990). See also Moreno,
807 S.W.2d 327, 329 n.2 (Tex. Cr. App. 1991). Thus, a trial court's action in quashing or
dismissing an indictment or information in essence terminates the proceedings. See Moreno, 807
S.W.2d at 333.

If the motion to set aside or the exception to an indictment or information is
sustained, the defendant in a misdemeanor case shall be discharged, but may be
again prosecuted within the time allowed by law.

Tex. Code Cr. P. Ann. art. 28.04 (1989).

 The State does not point out why the dismissal order was an improper remedy. If
it be the State's contention that the dismissal somehow cut off its right to amend the complaint's
jurat, it appears that the contention is being raised for the first time on appeal, presenting nothing
for review. It is certainly not properly briefed. See Tex. R. App. P. Ann. 74(f) (Pamph. 1991). 
The State does assert that the trial court did not give it the opportunity to amend. Assertions in
briefs not supported by the record cannot be considered. See Beck v. State, 573 S.W.2d 786, 788
(Tex. Cr. App. 1978); Herrin v. State, 525 S.W.2d 27, 29 (Tex. Cr. App. 1975). The fourth
point of error is overruled.

 The State, in its first point of error, urges that the trial court erred in granting the
motion to quash and dismissing the information "because the record is silent as to whether the
substantial rights of the defendant were prejudiced." See Tex. Code Cr. P. Ann. art. 21.19 and
21.23 (1990). The order entered by the trial court reflected that the motion to quash was "heard." 
The burden is on the party seeking review to see that a sufficient record is presented to show error
requiring reversal. See Tex. R. App. P. Ann. 50(d) (Pamph. 1991). That burden was on the
State in this case. If there was a statement of facts prepared, it is not in the record. See Tex. R.
App. P. Ann. 53(a) (Pamph. 1991). For this and other reasons stated in Pierce (No. 3-90-213-CR) where the state raised the same contention, the first point of error is overruled.

 The order granting the motion to quash and dismissing the information on the basis
that the complaint's jurat was defective is affirmed. The State is free, if it desires, to file a new
complaint and information "within the time allowed by law." See article 28.04.



 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*]

Affirmed

Filed: September 25, 1991

[Do Not Publish]





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by 
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   Whenever the trial court sustains a motion, it is presumed, unless otherwise shown, that
it has acted on the grounds asserted by the movant. Wilson v. State, 792 S.W.2d 477, 481
(Tex. App. 1990, no pet.).
2.   See Tex. Code Cr. P. Ann. art. 27.03 (1989).