IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-213-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





CARROLL PIERCE, JR.,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY



NO. 32,104, HONORABLE HOWARD S. WARNER, II, JUDGE



 




 This is an appeal by the State from an order quashing and dismissing an
information. See Tex. Code Cr. P. Ann. art. 44.01(a)(1) (Supp. 1991). The complaint and
information charged Carroll Pierce, Jr. with the misdemeanor offense of driving a vehicle in a
public place while intoxicated. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (1988). Appellee
Pierce filed a motion to quash the information on the basis that the information (1) failed to allege
or name a complainant and (2) was based upon a complaint which did "not adequately allege the
authority to so act of the person before whom the complaint was sworn and subscribed."

 On September 12, 1990, the trial court, apparently after a hearing, granted
appellee's motion to quash the information and ordered the information dismissed "with
prejudice." (1)

 On September 19, 1990, the appellee filed a motion to dismiss criminal action
No. 32104 on the basis that the motion to quash had been previously granted. The trial court
granted the motion, dismissed the cause "with prejudice," and discharged the appellee. The State
gave notice of appeal.

 The State advances four points of error. In points of error two and three, the State
contends that the trial court erred in quashing the information because there is no need to allege
or name a complaining witness in the information in a driving while intoxicated prosecution, and
that the instant complaint's jurat was sufficient to meet the requirements of the law. The fourth
point of error contends that the trial court's "dismissal of the case" was an improper remedy when
a motion to quash has been granted. The State, as appellant, contends in the first point of error
that the trial court's actions in quashing and dismissing the complaint and information were in
error "because the record is silent as to whether the substantial rights of the defendant were
prejudiced."

 The elements of the offense of driving while intoxicated are (1) a person (2) drives
or operates a vehicle (3) in a public place (4) while intoxicated. See Tex. Rev. Civ. Stat. Ann.
art. 6701l-1(b) (Supp. 1991); see also Shaw v. State, 622 S.W.2d 862, 863 (Tex. Cr. App. 1981);
Ford v. State, 571 S.W.2d 924, 925 (Tex. Cr. App. 1978). There need not necessarily be a
"victim" or complaining witness in a driving while intoxicated offense for there to be a violation
of the law. Moallen v. State, 690 S.W.2d 244, 246 (Tex. Cr. App. 1985). Thus, an information
charging a driving while intoxicated offense is not fatally defective for the failure to allege or
name a complaining witness in the information itself.

 Appellee, in the trial court and in his appellate brief, relied upon Ex parte Lewis,
544 S.W.2d 430 (Tex. Cr. App. 1976). Lewis held that a felony information (2) charging aggravated
assault with a deadly weapon was fatally defective for failure to allege (1) the name of a
complainant and (2) that the defendant caused or threatened to cause harm or injury to another as
required "under V.T.C.A. Penal Code sections 22.01 and 22.02." Relief was granted in this post-conviction habeas corpus proceeding on both grounds. The Lewis opinion did make a rather
global statement:



We agree, noting that it is fundamental that the name of the complaining witness
is a necessary requisite to a valid indictment or information. See Articles 21.02,
21.07 and 21.21 V.A.C.C.P.



Lewis, 544 S.W.2d at 431.

 The statutes cited above in Lewis dealing with the requisites of an indictment and
an information, and the "allegation of name" therein do not support the broad general conclusion
stated in Lewis. While the statement might be accurate with regard to the elements of the offense
charged in Lewis, it does not have universal application to every criminal offense. The court of
criminal appeals recognized this in Moallen, 690 S.W.2d at 245-46. Moallen held that an
indictment for credit card abuse was not fundamentally defective for the failure to allege that there
was a "victim," because the offense did not require a "victim" for there to be a violation of the
law. Moallen found that the court of appeals' reliance upon Lewis was misplaced. Likewise, we
find that the reliance of the appellee's and the trial court's reliance on Lewis in the instant case
to be misplaced as well. A complaining witness is not an essential element that must be named
in the information itself, and the requisites of an information do not require the allegation of a
complaining witness. See Tex. Code Cr. P. Ann. art. 21.21 (1989). While a valid complaint is
a requisite to a valid information, it is not required that the complaint be referred to in the
information. Ashley v. State, 237 S.W.2d 311, 313 (Tex. Cr. App. 1951); Johnson v. State, 17
CR 230 (Tex. Ct. App. 1884). The State's second point of error is sustained. (3)

 The third point of error presents a more difficult question. The pivotal issue is
whether the information was based upon a sufficient complaint. It appears that the trial court
ruled that the jurat on the complaint was insufficient to show the authority or official character
of the officer or person before whom the complaint was sworn to and subscribed.

 The complaint (affidavit) in the instant case was signed by a Karen Parker. The
jurat on the complaint reflects:



 Subscribed and sworn to before me on this 23rd day of January, 1990.


 /s/ John A. Costello 

 Attorney for the State

 Hays County, Texas



Article 21.22 of the Code of Criminal Procedure provides:



No information shall be presented until affidavit has been made by some credible
person charging the defendant with an offense. The affidavit shall be filed with the
information. It may be sworn to before the district or county attorney, who, for
that purpose, shall have the power to administer the oath, or it may be made before
any officer authorized by law to administer oaths.



Tex. Code Cr. P. Ann. art. 21.22 (1989) (emphasis supplied). (4)

 The above quoted statute grants limited authority to district and county attorneys
to take the oath to a complaint upon which an information may be based. The limited authority
would extend to their assistant prosecuting attorneys. See Tex. Gov't Code Ann. §§ 41.101 -
41.103 (1988). See also Ramirez v. State, 352 S.W.2d 131 (Tex. Cr. App. 1962) (assistant
district attorney); Lacy v. State, 267 S.W.2d 139 (Tex. Cr. App. 1954) (assistant district
attorney); Moore v. State, 209 S.W.2d 192 (Tex. Cr. App. 1948) (assistant county attorney); Bell
v. State, 761 S.W.2d 847, 848 (Tex. App. 1988, no pet.) (assistant county attorney). The officers
and persons who may generally administer oaths are statutorily listed. Tex. Rev. Civ. Stat. Ann.
art. 26 (Supp. 1991). The list does not include a district or county attorney or an "attorney for
the state."

 A valid complaint is a prerequisite to a valid information. Holland v. State, 623
S.W.2d 651, 652 (Tex. Cr. App. 1981). Without a valid complaint, the information is worthless. 
Williams v. State, 107 S.W.2d 996, 977 (Tex. Cr. App. 1937). A jurat is the certificate of the
officer before whom the complaint is made stating that it was sworn to and subscribed by the
affiant before the officer. Carpenter v. State, 218 S.W.2d 207, 208 (Tex. Cr. App. 1949). A
jurat is essential, for without it, the complaint is fatally defective and will not support an
information. Shackelford v. State, 516 S.W.2d 180 (Tex. Cr. App. 1970). The jurat must be
dated and signed by the official character. See 22 Tex. Jur. 3d, Criminal Law, Section 2266 at
490. Thus, a complaint not sworn to before any official or person in authority is insufficient to
constitute a basis for a valid conviction. Nichols v. State, 344 S.W.2d 694 (Tex. Cr. App. 1961)
(citing Purcell v. State; 317 S.W.2d 208 (Tex. Cr. App. 1958)); see also Elridge v. State, 572
S.W.2d 716, 717, n.1 (Tex. Cr. App. 1978); Wheeler v. State, 353 S.W.2d 463 (Tex. Cr. App.
1961); Morey v. State, 744 S.W.2d 668 (Tex. App. 1988, no pet.). Even where the jurat on the
complaint reflects that it was sworn to before a named person but does not show the authority of
such person to act, the complaint is void. Johnson v. State, 226 S.W.2d 644 (Tex. Cr. App.
1950); Smola v. State, 736 S.W.2d 265, 266 (Tex. App. 1987, no pet.). The complaint is also
void when the jurat contains no signature but only shows the office such as "County Attorney of
Jones County, Texas." Carter v. State, 398 S.W.2d 290 (Tex. Cr. App. 1966). When a jurat
showed that the complaint had been sworn to before "Lavern I. McCann, Hockley County,
Texas," the complaint was insufficient to support the information. Carpenter, 218 S.W.2d at 208-09. In the early case of Neiman v. State, 16 S.W. 253 (Tex. Ct. App. 1891), the complaint was
sworn to before "Wm. Greer J.P." It was held that the letters "J.P." could not be inferred to
mean Justice of the Peace and an official who had the authority to administer the oath.

 When a jurat on a complaint shows that the oath was administered to the affiant by
a party designated as county attorney but who in reality is an assistant county attorney, the
complaint is void. Thomas v. State, 334 S.W.2d 291, 292 (Tex. Cr. App. 1960); see also
Aleman v. State, 284 S.W.2d 719 (Tex. Cr. App. 1956); Salculp v. State, 269 S.W. 1044, 1045
(Tex. Cr. App. 1925). When the assistant or deputy is authorized by law to administer the oath
himself, he may not administer it in the name of his principal and may not certify that the
principal administered the oath by and through him as an assistant. Goodman v. State, 212 S.W.
171 (Tex. Cr. App. 1919).

 In the instant case, the jurat on the complaint reflects that John A. Costello has
authority to administer the oath as "Attorney For The State, Hays County, Texas." "Attorney for
the State" is a generic term frequently used in legal pleadings and writings to refer to the attorney
representing the State in both civil and criminal matters, be he or she the Attorney General,
District or County Attorney, State's Prosecuting Attorney (Before the Court of Criminal Appeals),
City Attorney, Special Counsel, Special Prosecutor, or others.

 The State calls our attention to Article V, Section 12(b) of the Texas Constitution
which provides in part:



An information is a written instrument presented to a court by an attorney for the
State charging a person with the commission of an offense. The practice and
procedures, relating to the use of indictments and informations, including their
contents, amendment, sufficiency and requisites, are as provided by law. The
presentment of an indictment or information to a court invests the court with
jurisdiction of the cause.



Tex. Const. Ann. art. V, § 12(b) (Supp. 1991) (emphasis supplied); see also Tex. Code Cr. P.
Ann. art. 22.02 (1989) (where the term is also used). We have not found in our research,
however, where the term "attorney for the state" has been defined for the purposes of the
constitution or the statute, nor have we found any authority for an "attorney for the state" to
administer oaths generally or for a particular purpose.

 Similar phrases are found elsewhere in our statutes.



'The attorney representing the State' means the Attorney General, district attorney,
criminal district attorney, or county attorney. The attorney representing the State,
is entitled to go before the grand jury and inform them of offenses liable to
indictment at any time except when they are discussing the propriety of finding an
indictment or voting on the same.



Tex. Code Cr. P. Ann. art. 20.03 (1977) (attorney representing State entitled to appear). It
appears that the above definition is limited to chapter 20 of the Code of Criminal Procedure. Cf.
Tex. Code Cr. P. Ann. arts. 20.04 - .05 (1977). The term "attorney representing the State" is
again defined in article 59.01 of the Code of Criminal Procedure as meaning "the prosecutor with
felony jurisdiction in the county in which a forfeiture proceeding is held under this chapter." Tex.
Code Cr. P. Ann. art. 59.01 (Supp. 1991) (involving forfeiture of contraband); see also Tex.
Code Cr. P. Ann. art. 1.13 (1977). Our research has failed to reveal where the "attorney
representing the state," as such, has been given the authority to administer oaths.

 The term "prosecuting attorney" is also found in our statutes. "In this subchapter
'prosecuting attorney' means a county attorney, district attorney, or criminal district attorney." 
Tex. Gov't Code Ann. § 41.101 (1988); "A prosecuting attorney may employ the assistant
prosecuting attorneys . . . that in his judgment are required for the proper and efficient
administration of the office." Tex. Gov't Code Ann. § 41.102 (1988); and:


(a) An assistant prosecuting attorney must be licensed to practice law in this
state and shall take the constitutional oath of office.


(b) An assistant prosecuting attorney may perform all duties imposed by law
on the prosecuting attorney.



Tex. Gov't Code Ann. § 41.103 (a), (b) (1988).

 Nothing in the above provisions of the Government Code expressly authorizes the
"prosecuting attorney" as such to administer oaths. The same is true as to the State's Prosecuting
Attorney. See Tex. Gov't Code Ann. §§ 42.001 et. seq. (1988).

 We now turn to the statutory provisions pertaining to the office of the criminal
district attorney of Hays County.



(b) The criminal district attorney shall attend each term and session of the
district courts in Hays County and each term and session of the inferior
courts of the county held for the transaction of criminal business and shall
exclusively represent the state in all criminal matters pending before those
courts. (5)


(c) The criminal district attorney shall perform the other duties that are
conferred by law on county and district attorneys in the various counties
and districts.




Tex. Gov't Code Ann. § 44.205(b), (c) (1988) (emphasis supplied).

 With this background, can it be said that the instant jurat on the complaint
sufficiently reflects the authority or official character of the person before whom the complaint
was sworn to and subscribed? Certainly "John A. Costello, Hays County, Texas" would not be
sufficient. Carpenter, 218 S.W.2d at 208-09. Does the insertion of the phrase "Attorney For the
State" call for a different result? We conclude that it does not. There is no constitutional or
statutory office under that particular title. The phrase is a canopy covering a number of officers
or persons, some with statewide jurisdiction, but none with authority to administer oaths
generally. When used alone, it does not even distinguish between criminal district attorneys,
district attorneys, county attorneys or their assistants, all of whose authority to administer oaths
or take a complaint or affidavit is limited to the particular authority conferred by statute.

 When the phrase is used in connection with "Hays County, Texas," it might well
be argued that it refers individually to the criminal district attorney of that county because there
is no county attorney. See Tex. Gov't Code Ann. § 44.205 (1988). However, any city attorney
in Hays County prosecuting criminal cases in municipal court could properly use the generic term. 
The same is true of the attorney general or his assistants appearing before a grand jury empanelled
in Hays County.

 The instant information was also presented by "John A. Costello, Attorney For The
State, Hays County, Texas." The State asks us not to ignore that the body of the information
contains the phrase "I, John A. Costello, Assistant Criminal District Attorney of Hays County,
Texas." Apparently, the State's position is that any defect in the jurat on the complaint can be
clarified or corrected by reference to the information. Inference from the jurat itself is not
favored. See Neiman, 16 S.W. at 253. The State does not brief the proposition nor attempt to
distinguish the legion of cases holding that an information must be based on a complaint which
is regular and valid on its own face. If it can be argued that the criminal district attorney of Hays
County is in fact "Attorney For The State, Hays County, Texas," the State does not explain how
a jurat on a complaint is valid where it reflects the oath was administered to the affiant by a party
designated as "Attorney For The State, Hays County, Texas" when in reality he is an assistant
criminal district attorney. See Thomas, 334 S.W.2d at 291-292; Goodman, 212 S.W. at 171.

 In judging the sufficiency of the charging instruments challenged by a motion to
quash, the court only examines the accusatory pleadings. Barnhart v. State, 648 S.W.2d 696, 698
(Tex. Cr. App. 1983); Hutto v. State, 775 S.W.2d 407, 409 (Tex. App. 1989, no pet.). 
Evidentiary hearings on pre-trial contentions or motions are discretionary, not mandatory. Reed
v. State, 762 S.W.2d 640, 645 (Tex. App. 1980, pet. ref'd).

 We conclude that the trial court did not abuse its discretion in granting appellee's
motion to quash the information because the jurat on the complaint upon which the information
was based failed to properly reflect the authority or official character of the person before whom
the complaint was sworn to and subscribed. The State's third point of error is overruled.

 In the fourth point of error, the State argues that the "dismissal of the case is the
improper remedy when a motion to quash is granted." The State also complains of the trial
court's action in dismissing the cause "with prejudice." The trial court granted the motion to
quash the information, and, in the same order, dismissed the information "with prejudice." A
subsequent and separate order dismissed the case "with prejudice" because the motion to quash
had been granted.

 The granting of a motion to quash or of a motion to set aside an indictment or
information (6) "are synonymous in their common meaning: `To vacate, to annul, to make void.' 
Garner, A Dictionary of Model Legal Usage (1987) 497 and 498." Eaves v. State, 800 S.W.2d
220, 221, n.5 (Tex. Cr. App. 1990); see also Moreno v. State, 807 S.W.2d 327, 329 n.2 (Tex.
Cr. App. 1991). Thus, a trial court's order quashing an indictment or information in essence
terminates the proceedings. See Moreno, 807 S.W.2d at 333.



If the motion to set aside or the exception to an indictment or information is
sustained, the defendant in a misdemeanor case shall be discharged, but may be
again prosecuted within the time allowed by law. 



Tex. Code Cr. P. Ann. art. 28.04 (1989).

 Article 44.01(a)(1) authorizes the State to appeal a court order which "dismisses" (7)
an indictment, information or complaint. Tex. Code Cr. P. Ann. art. 44.01(a)(1) (Supp. 1991). 
There may now be little difference between an order granting a motion to quash and a dismissal
order with regard to the State's right to appeal. Labels are immaterial. The effect of the trial
court's action controls. See Moreno, 807 S.W.2d at 333, n.7.

 Normally, the trial court cannot dismiss an indictment or information except upon
the motion of the prosecution. See Tex. Code Cr. P. Ann. art. 32.02 (1989); Flores v. State, 487
S.W.2d 122 (Tex. Cr. App. 1972); State v. Gray, 801 S.W.2d 10, 11-12 (Tex. App. 1990 no
pet.); State v. Chandler, 767 S.W.2d 211, 212 (Tex. App. 1989, no pet.). Article 32.02 does not
diminish a trial court's authority, however, to dismiss or set aside a charging instrument upon a
meritorious motion by the defendant. See Fox v. State, 772 S.W.2d 455, 459 (Tex. App. 1989,
no pet.) (Burgess, J. concurring); Chandler, 767 S.W.2d at 212 n.5 (indicating a dismissal was
proper upon a finding of a defective indictment or information). See also Tex. Code Cr. P. Ann.
arts. 27.02, 28.01 (9), 32.01 (1989). (8)

 In the instant case, the trial court properly granted the motion to quash the
information on the basis of a defective jurat on the complaint. Such action annulled and vacated
the information which invested the court with jurisdiction. See Tex. Const. Ann. art. V, § 12(b)
(Supp. 1991). Dismissal is synonymous with the trial court's action. See n.7. The use of the
word "dismissed" is acceptable and does not constitute the utilization of an improper remedy. The
difficulty lies with the use of the phrase "with prejudice" in the order. A trial court may not go
beyond an order dismissing or quashing a criminal charging instrument and instruct the prosecutor
not to further proceed with future charges arising from the same offense. State ex rel Holmes v.
Denson, 671 S.W.2d 896, 900 (Tex. Cr. App. 1984). The order granting the motion to quash
is reformed to delete the phrase "with prejudice." The second motion to dismiss the case or cause
(as opposed to the information) and the order thereon was unnecessary in light of the first order. 
The second order did, however, properly discharge the appellant in accordance with article 28.04. 
The second order is set aside, and the first order is further reformed to include the discharge
provision. The State's fourth point of error is overruled.

 The State, in its first point of error, urges that the trial court erred in granting the
motion to quash and dismissing the information because the record is silent as to whether
substantial rights of the appellee were prejudiced. See Tex. Code Cr. P. Ann. arts. 21.19 and
21.23 (1990). The original order entered by the trial court reflected that the motion to quash was
"heard." The burden is on the party seeking review to see that a sufficient record is presented to
show error requiring reversal. See Tex. R. App. P. Ann. 50(d) (Pamph. 1991). In the instant
case the burden was the State's, not that of the appellee. If there was a statement of facts, it is
not in the record. See Tex. R. App. P. Ann. 53(a) (Pamph. 1991). Generally, it is presumed on
appeal that all rulings of the trial court are correct, Hardin v. State, 471 S.W.2d 60, 63 (Tex. Cr.
App. 1971), and any omission in the record supports the trial court's judgment or order. Haynes
v. McIntosh, 776 S.W.2d 784, 785-86 (Tex. App. 1989, writ denied).

 The State has not briefed the point of error as to the particular defect in the jurat
on the complaint. See Tex. R. App. P. Ann. 74(f) (Pamph. 1991). Further, the State generally
relies upon Adams v. State, 707 S.W.2d 900 (Tex. Cr. App. 1986) and its progeny. Those cases
deal with situations where the motion to quash has been overruled (not granted) where the case
has been tried, and on appeal the defendant contends that the trial court erred in overruling the
motion to quash, prejudicing the defendant's substantial rights. In the instant case the State
improperly seeks to cast the burden upon the appellee not only to produce the record, but to show
harm and injury as if the trial court had overruled rather than granted the motion to quash the
information. The first point of error is overruled.

 The second order dismissing the cause is reversed and set aside. The first order
quashing the information on the basis of a defective jurat to the complaint, as reformed, is
affirmed. The State is free, if it desires, to file a new complaint and information "within the time
allowed by law." See Tex. Code Cr. P. Ann. art. 28.04 (1989).



 

 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*]

Reversed in Part; Reformed, and as Reformed, Affirmed in Part

Filed: September 25, 1991

[Publish]













* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   Whenever the trial court sustains a motion, it is presumed, unless otherwise shown, that
it has acted on the grounds asserted by the movant. Wilson v. State, 792 S.W.2d 477, 481
(Tex. App. 1990, no pet.).
2.   See Tex. Code Cr. P. Ann. art. 1.141 (1977). Where a defendant waives the right to be
tried upon an indictment in a noncapital felony case, and agrees to be tried upon a felony
information, there is no necessity that the information be based on a complaint. Ex parte Hyett,
610 S.W.2d 787, 788 (Tex. Cr. App. 1981); Chapple v. State, 521 S.W.2d 280, 282 (Tex. Cr.
App. 1975).
3.   We are aware of the decisions in Blankenship v. State, 764 S.W.2d 22,23 (Tex. App.
1989), reversed 785 S.W.2d 158 (Tex. Cr. App. 1990), Pringle v. State, 732 S.W.2d 363, 368
(Tex. App. 1989), and Taylor v. State, 637 S.W.2d 929, 932 (Tex. Cr. App. 1982), all citing
Lewis. The court of appeals in Blankenship noted Lewis in finding a variance between the
allegations of the indictment naming the complainant and the proof offered. In reversing, the
court of criminal appeals found no variance. Pringle involved a driving while intoxicated
prosecution. The court cited Louis but noted the information alleged a complainant. Taylor cited
Lewis in holding that an aggravated robbery indictment must allege a complaining witness. We
do not find that these cases call for a different result in the instant point of error.
4.   See Tex. Code Cr. P. Ann. arts. 15.04 (1977) and 21.20 (1989) defining "complaint" and
"information" respectively.
5.   The office of county attorney of Hays County has been abolished. See Revisor's Note
(6) to Tex. Gov't Code Ann. § 44.205 at 692 (1988).
6.   See Tex. Code Cr. P. Ann. art. 27.03 (1989).
7.   "Dismiss" means "to send away; to discharge -- to dismiss an action or suit is to send
it out of court without further consideration or hearing," and "Dismissal" means an order
or judgment finally disposing of an action, suit or motion etc. by sending it out of court
though without a trial of issues involved. Such may be voluntary or involuntary. Black's
Law Dictionary, at 469 (6th ed. 1990).
8.    The State seems concerned that somehow the order or orders of dismissal foreclosed
its right to amend the complaint and information. The State suggests that appellee's motion
to quash should have been considered as an exception to the form and substance of an
information, and that when it was sustained, the State should have had the right to amend
the information if permitted by article 28.10. See Tex. Code Cr. P. Ann. arts. 28.09 and 28.10
(1989). The contention appears to be raised for the first time on appeal, and is not properly
briefed. See Tex. R. App. P. Ann. 74(f) (Pamph. 1991). The State does assert that the trial court
did not give it the opportunity to amend. Assertions in briefs not supported by the record cannot
be considered. See Beck v. State, 573 S.W.2d 786, 788 (Tex. Cr. App. 1978); Herrin v. State,
525 S.W.2d 27, 29 (Tex. Cr. App. 1975).