**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00760-CR

———————————

**IRIS ROSALES GUERRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1369989**

# MEMORANDUM OPINION

Iris Rosales Guerra pleaded guilty without an agreed recommendation to credit card abuse against an elderly person,[1] enhanced with a prior felony conviction. The trial court sentenced her to three years' confinement. In two points of error, appellant contends that the trial court erred in finding her guilty because (1) the indictment was fundamentally defective and (2) the State failed to offer sufficient evidence to support her guilty plea. We affirm.

## Background

The State charged appellant by indictment with credit card abuse against an elderly person, enhanced with a prior felony conviction of driving while intoxicated. Appellant ultimately pleaded guilty to the offense. As a part of her plea, appellant signed a judicial confession that was notarized and was also signed by appellant's trial counsel, the prosecutor, and the trial court. The confession provides, in relevant part,

> The charges against me allege that in Harris County, Texas, Iris Rosales Guerra, hereafter styled the Defendant, heretofore on or about October 22, 2012, did then and there unlawfully, possess with the intent to use a CREDIT card without the effective consent of the cardholder, May Paulissen, a person other than the Defendant, and a person at least 65 years of age.
>
> . . . .

---

[1] "A person commits an offense if . . . not being the cardholder, and without the effective consent of the cardholder, he possesses a credit card or debit card with intent to use it." TEX. PENAL CODE ANN. § 32.31(b)(8) (West 2011). The offense is a third-degree felony if it was committed against a person sixty-five years or older. *Id.* §§ 32.31(d), 22.04(c)(2) (West 2011 & Supp. 2014).

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on October 22, 2012.

In open court I consent to the oral and written stipulation of evidence in this case and to the introductions of affidavits, written statements of witnesses, and other documentary evidence.

The confession also contained a paragraph above the trial court's signature. That paragraph provides, in pertinent part, "This document was executed by the defendant, [her] attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty." This document is included in the appellate record as a part of the clerk's record.

## Analysis

### A. Sufficiency of Indictment

Appellant's first point of error contends that the indictment was fundamentally defective because it failed to allege the manner and means with which she intended to use the credit card. Thus, she contends, the indictment was insufficient to put her on notice of the crime with which she was charged.

Initially, we note that appellant did not object to the indictment in the trial court. Article 1.14 of the Texas Code of Criminal Procedure provides that a defendant must object to a defect, error, or irregularity of form or substance in an indictment before the date of trial; otherwise, she waives her right to challenge that

3

error on appeal. TEX. CODE CRIM. PROC. art. 1.14(b) (West 2005); *see Studer v. State*, 799 S.W.2d 268 & 271 n.11 (Tex. Crim. App. 1990); *Massey v. State*, 933 S.W.2d 582, 584 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Having failed to object to the alleged defect in the indictment before trial, appellant waived any error as to the sufficiency of the indictment.

However, absent waiver, appellant's argument is unavailing for another reason. With rare exceptions, an indictment that tracks the language of the relevant statute satisfies constitutional and statutory notice requirements. *See State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). Here, the language of the indictment tracks the statutory language provided by the "credit card abuse" statute. Under Penal Code section 21.31(b)(8), "[a] person commits an offense if . . . not being the cardholder, and without the effective consent of the cardholder, he possesses a credit card or debit card with intent to use it." TEX. PENAL CODE ANN. § 32.31(b)(8) (West 2011). The indictment reads, in pertinent part,

> Iris Rosales Guerra, hereafter styled the Defendant, heretofore on or about October 22, 2012, did then and there unlawfully possess with the intent to use a CREDIT card without the effective consent of the cardholder, May Paulissen, a person other than the defendant, and a person at least 65 years of age.

The State was not required to plead evidentiary matters regarding the particular manner and means by which appellant intended to use the card. *See Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010); *see also Moallen v.*

4

*State*, 699 S.W.2d 926, 927 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (concluding it unreasonably burdensome to require State to allege in indictment what defendant, who was charged with credit card abuse, intended to obtain because fact is generally only known to defendant and not to State);[2] *Gonzales v. State*, 638 S.W.2d 41, 44 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd) (concluding in case where defendant was charged with possession with intent to deliver cocaine that "[t]he State was not required to speculate on which manner of delivery the [defendant] intended to use and allege such in the indictment."). Accordingly, we overrule appellant's first point of error.

## B. Sufficiency of Evidence in Support of Guilty Plea

Appellant's second point of error contends that the State failed to introduce sufficient evidence to support her guilty plea.

### 1. Standard of Review

---

[2] Appellant mistakenly cites to this Court's original opinion in *Moallen v. State*, 661 S.W.2d 204 (Tex. App.—Houston [1st Dist.] 1983), *rev'd*, 690 S.W.2d 244 (Tex. Crim. App. 1985), in which we concluded that the indictment was fundamentally defective because it did not allege the victim from whom the defendant obtained something, against whom she used the card, and how or in what manner the credit card involved was fictitious. *See* 661 S.W.2d at 205. The Court of Criminal Appeals, however, reversed the judgment of the panel and remanded for a determination of whether it was reversible error for the trial court to have denied the motion to quash on any of the remaining grounds asserted. *See Moallen v. State*, 690 S.W.2d 244, 246 (Tex. Crim. App. 1985). On remand, we affirmed the trial court's judgment and concluded, among other things, that the State was not required to describe what property and services the defendant intended to obtain. *See Moallen v. State*, 699 S.W.2d 926, 927 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd).

When a criminal defendant pleads guilty, she waives her right to challenge the sufficiency of the evidence. *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In such cases, we confine our review of the sufficiency of the evidence to determining whether the evidence supports the conviction under article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Keller*, 125 S.W.3d at 605 (citing TEX. CODE CRIM. PROC. ANN. art. 1.15). The State must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried before a court. *Keller*, 125 S.W.3d at 604 (citation omitted). "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Staggs*, 314 S.W.3d at 159.

### 2. Analysis

Article 1.15 of the Texas Code of Criminal Procedure requires the State to "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Menefee v. State*,

6

287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009). The evidence supporting a guilty

plea may take several forms. *Menefee*, 287 S.W.3d at 13. Specifically, article 1.15

provides that

> the evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

TEX. CODE CRIM. PROC. ANN. art. 1.15.

The State argues that the facts of this case are nearly identical to those in

*Rexford v. State*, 818 S.W.2d 494 (Tex. App.—Houston [1st Dist.] 1991, pet.

ref'd). In *Rexford,* the defendant had pleaded guilty to a charge of sexual assault.

*Id.* at 495. On appeal, the defendant argued that the evidence was insufficient to

support his plea of guilty. *Id.* As in this case, the defendant had signed and

notarized a judicial confession which identified the elements of the crime for

which he had been charged and further stated that the defendant confessed that the

allegations were true. *Id.* In addition to the defendant's signature, the confession

contained the signature of the defendant's attorney, the prosecutor, and the trial

court. *Id.* As here, the confession was never formally admitted into evidence, but

the document stated that it was executed by the defendant, filed with the papers of

the case, and approved by the trial court. *Id.* Based on these facts, we held that the

7

confession was accepted and considered by the court and, therefore, constituted sufficient support of the defendant's guilty plea. *Id.* at 495–96.

All relevant facts present in *Rexford* are present in this case. Because there is no legally significant distinction between *Rexford* and this case, the holding of *Rexford* applies. *See id.*; *see also Sosa v. State*, No. 01-13-00665-CR, 2014 WL 2933154, at *2 (Tex. App.—Houston [1st Dist.] June 26, 2014, no pet.) (mem. op., not designated for publication) (finding evidence supporting guilty plea sufficient where facts were identical to relevant facts in *Rexford*). As such, we hold that there is sufficient supporting evidence to uphold appellant's plea of guilty. We overrule appellant's second point of error.

## Conclusion

We affirm the judgment of the trial court.

Jim Sharp
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

8