Tony Bryan ROOF, Appellant,

v.

The STATE of Texas, Appellee.

No. 497–83.

Court of Criminal Appeals of Texas, En Banc.

March 14, 1984.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David H. Montague, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Trial was before the jury on appellant's plea of not guilty of indecency with a child. V.T.C.A. Penal Code, Sec. 21.11(a)(2). After finding appellant guilty, the jury assessed punishment, enhanced by a prior conviction, at seventeen years and $5,000.00. The conviction was affirmed by

the Court of Appeals for the Second Supreme Judicial District (Fort Worth) in an unpublished opinion. We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that a defendant's knowledge that his victim is under seventeen years of age is not an element of Sec. 21.11(a)(2), supra.

Sec. 21.11(a)(2), supra, states in pertinent part that:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

" ...

(2) exposes his anus or any part of his genitals, *knowing the child is present,* with intent to arouse or gratify the sexual desire of any person." (Emphasis added.)

Appellant, relying on the statute and language in *Briceno v. State,* 580 S.W.2d 842 (Tex.Cr.App.1979), maintains that the State must prove he knew the victim was a child under the age of seventeen.

In *Briceno* we held that V.T.C.A. Penal Code, Sec. 21.08(a) (Indecent Exposure), is a lesser included offense of Sec. 21.11(a)(2), supra. We stated, "The elements of these two offenses are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person.*" 580 S.W.2d at 844. The reference to Sec. 21.11(a)(2) in *Briceno* that the defendant must know a *child* is present is dictum. A careful scrutiny of Sec. 21.-11(a)(2), supra, reveals that a defendant is not required to have knowledge that the victim is under seventeen years of age.

In framing Sec. 21.11(a)(2), supra, the Legislature explicitly made clear that the defendant must have knowledge of his victim's *presence.* Had it wanted to make a similar provision with respect to knowledge of the victim's *age* it could have done so by requiring the State to prove that the defendant expose himself, "knowing that *a*

*child under seventeen years of age* is present." The Legislature chose not to do so.

In fact, the Legislature rejected a proposed section that would have made the defendant's reasonable mistake of fact concerning the victim's age a defense to Sec. 21.11(a)(2), supra.

The State Bar Committee on Revision of the Penal Code, unsuccessfully proposed Sec. 21.12(a),[1] which applied to Secs. 21.09 through 21.11 and provided that:

"Sec. 21.12. [PROPOSED] General Provisions

"(a) If the criminality of conduct defined in this chapter to constitute an offense depends on a child's being younger than 16 years, it is a defense to prosecution for the conduct that the actor reasonably believed the child to be 16 years or older ..."

The Legislature's refusal to make mistake of fact as to age a defense to Sec. 21.11(a)(2), supra, dictates that it did not wish to make the defendant's knowledge of that age an element of the offense.

The practice commentary concerning the phrase "knowing the child is present" in Sec. 21.11(a)(2), supra, tends to support this theory. The commentary states:

"Knowledge of the child's presence is included as an element of the indecency portion of Section 21.11(a)(2) because with children there is always danger they will appear unannounced and in this situation an unwitting exposure should not be criminal."

Nothing is said to indicate that knowledge of the victim's status as a child is required by the statute.

The practice commentary to V.T.C.A. Penal Code, Sec. 21.09 indicates that with respect to sexual offenses involving minors mistake of fact or ignorance as to the victim's age has not been historically available as a defense:

"There is no distinction in principle between ignorance or mistake about the

---

1. See Texas Penal Code: A Proposed Revision

(West Pub. Co.—October 1970).

age of a pubescent female and ignorance or mistake about, say, whether an adult female consented to sexual intercourse ... Nevertheless, when the fact is age in sexual offenses, involving children Texas courts and those of most other American jurisdictions have denied the defense of ignorance or mistake ... The 1970 proposed code would have partially changed this rule (In Section 21.12(a)), thus recognizing that the ignorant or mistaken actor does not possess the culpability this code requires for imposition of criminal responsibility, by making reasonable ignorance or mistake about age between 14 and 16 (now 17) a defense, but this limited change was rejected."

Our opinion in *Vasquez v. State*, 622 S.W.2d 864 (Tex.Cr.App.1981), relied, inter alia, on this commentary in holding that knowledge of the victim's age is not an element of the offense of "Rape of a Child."

In *Clark v. State*, 558 S.W.2d 887 (Tex. Cr.App.1977), we rejected an accused's contention that the indictment under V.T.C.A. Penal Code, Sec. 21.11(a)(1), (which prohibits engaging in sexual contact with a child younger than seventeen), failed to allege all the elements of the offense when it failed to allege the defendant's knowledge that the victim was a child.

In *Green v. State*, 571 S.W.2d 13 (Tex.Cr. App.1978), the defendant contended that the indictment under which he was charged failed to allege an offense under Sec. 21.-11(a)(2), supra. Though we did not address the specific issue involved in the instant case, we found the indictment sufficient even though it did not allege that the defendant knew his victim was under seventeen years of age.

Given our case law and legislative tradition running squarely against appellant's notion that the State must prove his knowledge of the victim's age, and given the failure of the Legislature to specifically require such knowledge when it required knowledge of the victim's presence, appellant's position must fail.

The judgment of the Court of Appeals is affirmed.

ODOM, J., dissents.