**Jose L. MATEO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–96–00505–CR.**

Court of Appeals of Texas, Austin.

Dec. 5, 1996.

Barbara Schwarz Young, Greenwood & Young, L.C., Belton, for appellant.

Arthur Cappy Eads, District Attorney, James T. Russell, Administrative Assistant, Belton, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

Appellant pleaded guilty to an indictment accusing him of aggravated sexual assault of a child. The district court adjudged him guilty and, pursuant to a plea bargain agreement, assessed punishment at imprisonment for five years. Appellant preserved his right to appeal the overruling of his motion to quash the indictment. Tex.R.App.P. 40(b)(1).

▮ The indictment alleged that appellant "intentionally and knowingly cause[d] his sex organ to contact and penetrate the female sex organ of [the complainant] and the said [complainant] was then and there a child younger than 14 years of age and not the spouse of the said [appellant]." In his motion to quash, appellant complained that the indictment was defective because it did not allege that he intentionally and knowingly engaged in the sexual acts with a child, or in other words, did not allege that appellant knew the complainant was a child.

A person commits an aggravated sexual assault if he intentionally or knowingly "causes the penetration of the ... female sexual organ of a child by any means" or "causes the sexual organ of a child to contact the ... sexual organ of another person, including the actor," and if "the victim is younger than 14 years of age." Tex.Penal Code Ann. § 22.021(a)(1)(B)(i) & (iii), (a)(2)(B) (West Supp.1997).[1] A "child," for the purpose of this statute, is a person younger than seventeen years of age. Tex.Penal Code Ann. §§ 22.011(c)(1), 22.021(b) (West 1994). It is appellant's contention that the indictment in this cause should have tracked the language of the statute and alleged that he "intentionally and knowingly cause[d] his sex organ to contact and penetrate the female sex organ of *a child* [the complainant] and the said [complainant] was then and there younger than 14 years of age."[2]

One of the statutory predecessors of section 22.021 is former Penal Code section 21.09. Under section 21.09, a person committed rape of a child "if he [had] sexual intercourse with a female not his wife and she [was] younger than 17 years." Act of June 2, 1975, 64th Leg., R.S., ch. 342, § 8, 1975 Tex.Gen.Laws 912, 914 (Tex.Penal Code Ann. § 21.09(a), since repealed). In *Vasquez v. State,* 622 S.W.2d 864, 866 (Tex.Crim.App. 1981), the Court of Criminal Appeals held that in a prosecution for rape of a child, the State had to prove that the act of sexual intercourse was committed intentionally, knowingly, or recklessly, but did not have to prove that the defendant knew the complainant's age. The court noted that the legislature, when it adopted the present Penal Code in 1973, rejected a proposed mistake of fact defense to prosecutions based on sexual activity with children. The court reasoned:

> There being an obvious manifestation on the part of the Legislature not to change the requirement relating to the age of the victim in a rape of a child case, ignorance or mistake of law [sic] are not defenses. This being so, it follows that to require the State to allege and prove the appellant knew the prosecutrix to have been under the age of seventeen would establish ignorance or mistake as a defense in contravention of the clear legislative intent. Such allegation and proof are not required.

*Id.*

*Roof v. State,* 665 S.W.2d 490 (Tex.Crim. App.1984), was a prosecution for indecency with a child. A person commits that offense "if, with a child younger than 17 years and not his spouse ... he ... exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person." Tex.Penal Code Ann. § 21.11(a)(2) (West 1994).[3] The

---

1. The offense in this cause was committed in July 1995. The amendment to section 22.021 effective September 1, 1995, did not alter the statutory language at issue.

2. Appellant's argument would apply to every charging instrument alleging sexual assault or aggravated sexual assault of a child. *See* Tex.Penal Code Ann. §§ 22.011(a)(2) (West 1994), 22.021(a)(1)(B) (West Supp.1997). While appel-

lant argues that the State was required to allege and prove that he knew the complainant was a child, he concedes that it was not necessary to allege or prove that he knew the child was younger than fourteen.

3. The present wording of section 21.11(a) is in all material respects identical to its wording as interpreted in *Roof.*

question in *Roof* was whether, in order to prove that the defendant knew the child was present, it was necessary to prove that the defendant knew the child's age. The court held that such proof was not necessary, noting that "with respect to sexual offenses involving minors mistake of fact or ignorance as to the victim's age has not been historically available as a defense." *Roof,* 665 S.W.2d at 491. The court concluded, "Given our case law and legislative tradition running squarely against appellant's notion that the State must prove his knowledge of the victim's age, and given the failure of the Legislature to specifically require such knowledge when it required knowledge of the victim's presence, appellant's position must fail." *Id.* at 492.

In 1983, the legislature determined that the offenses of rape, aggravated rape, rape of a child, sexual abuse, aggravated sexual abuse, and sexual abuse of a child were assaultive, rather than sexual, in nature, and that their classification as sexual offenses "often confuse[ed] the issue and cloud[ed] the circumstances." House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 2008, 68th Leg., R.S. Accordingly, the statutes defining those offenses were repealed and, in their place, the legislature created the offenses of sexual assault and aggravated sexual assault. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, §§ 3 & 12, 1983 Tex.Gen. Laws 5311, 5312–15, 5321. There is nothing in the legislative history of sections 22.011 and 22.021 indicating that the legislature intended to nullify the holding in *Vasquez* and to require the State to prove the defendant's knowledge of the complainant's age in a prosecution for sexual assault of a child.[4]

■ As a general rule, we are bound to interpret a statute according to its plain meaning, and are permitted to consider extratextual sources only if the language of the statute is ambiguous or if application of the statute's plain language would lead to a result the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991). In this cause, however, application of the plain language of

sections 22.011(a)(2) and 22.021(a)(1)(B) would lead to a result that is contrary to the case law and legislative tradition running against the notion that the State must prove the defendant's knowledge of the complainant's age in a prosecution for an offense involving an adult's sexual conduct with a child. We therefore hold that in a prosecution for sexual assault or aggravated sexual assault of a child, the State is not required to allege or prove that the defendant knew the complainant's age.

Our holding is in accord with that of the Fourteenth Court of Appeals in *Jackson v. State,* 889 S.W.2d 615 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). *Jackson* was a prosecution for aggravated sexual assault of a child in which the trial court also instructed the jury on the lesser included offense of sexual assault of a child. The court of appeals held that the trial court properly refused a requested mistake of fact instruction which would have required a verdict of not guilty if the jury found that the defendant had mistakenly believed that the complainant was seventeen years of age or older. *Jackson,* 889 S.W.2d at 617.

The district court did not err by overruling the motion to quash the indictment. The point of error is overruled and the judgment of conviction is affirmed.

■

---

4. The bill analysis indicates that the only substantive change intended was to make the new offenses gender-neutral.