NUMBER 13-99- 785-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________ 


LUDIVINA TREVINO SAENZ GONZALEZ, Appellant, 


v.

 
THE STATE OF TEXAS, Appellee. 

____________________________________________________________ 


On appeal from the 139th District Court

of Hidalgo County, Texas.

____________________________________________________________ 



O P I N I O N

 
Before Chief Justice Valdez and Justices Hinojosa and Rodriguez 

Opinion by Chief Justice Valdez

 

 Appellant Ludivinia Trevino Saenz Gonzalez was indicted for indecency with a child. A jury found appellant guilty, and
assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice and
a fine of $5,000. The sentence was suspended and appellant placed on probation. Appellant appeals her conviction by five
issues. We affirm. 

Background

 Appellant took photographs of her ten to eleven year old son, R.S., posed in bed with her husband, Jose Luis Gonzalez,
the child's stepfather. In the photographs, both R.S. and his stepfather are reclined on a bed facing the camera. They are
partially clad, and are only wearing underwear. In the first photograph, the stepfather has his arm around R.S., and R.S. has
his leg thrown over his stepfather's leg. One of R.S.'s hands is placed on his stepfather's genitals, and his stepfather is
holding that hand. In the second photograph, R.S. again has his hand on his stepfather's genitals, and R.S. appears to have
his mouth on one of his stepfather's nipples. Appellant also took various photographs of R.S. naked in various poses: on
the toilet, reclined on the bed with his hand covering his genitals, and bending over looking between his legs with his anus
and genitals exposed. During a police interview, appellant voluntarily waived her rights and gave the following statement,
in which she admitted that she instructed her son to grab her husband's testicles for one of the photographs: 

 I took all the photographs. I did not know that taking those pictures was wrong. The pictures that my son was in bed with
my husband, it was just that they were playing. They always play that way. I told my son to grabb [sic] my husband's
testicles for the picture, but it was only playing around. The pictures that my son is without clothes is that he come [sic]
home from school and to me it was cute. We did not know that it was against the law to take those pictures or to play that
way. 



According to a witness from Child Protective Services, appellant admitted that she had taken the photographs of the child;
however, she did not believe that they were wrong or illegal, but instead believed that the photographs were "cute," and
stated that she took them as a joke. 

 Under the applicable provisions of the Texas Penal Code, a person commits indecency with a child if she engages in sexual
contact with a child who is younger than seventeen and not her spouse. Tex. Pen. Code Ann. §21.11(a)(1) (Vernon 1994
and Supp. 2001). "Sexual contact" is defined as any touching of the anus, breast, or any part of the genitals of another
person with the intent to arouse or gratify the sexual desire of any person. Id. at §21.01(2) (Vernon 1994). 

 In this case, appellant was not charged with primary sexual contact with R.S.; rather, she was charged and convicted under
the law of parties. Under the law of parties, a person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense. See Tex. Pen. Code Ann. §7.02(a)(2) (Vernon 1994). In this case,
the indictment provided that appellant "did . . . engage in sexual contact with [the victim], a child younger than 17 years, by
then and there causing the victim to touch part of the genitals of Jose Luis Gonzalez with intent to arouse and gratify the
sexual desire of . . . Jose Luis Gonzalez." The jury was instructed on the law of parties. Specifically, the jury was instructed
that it could find appellant guilty if she was acting with intent to promote or assist the commission of the offense, or aided
Gonzalez to commit the offense by directing R.S. to contact the genitals of Gonzalez. 

 In determining whether the accused participated as a party, the court may look to events that occurred before, during, and
after the offense was committed. Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985), cert. denied, 476 U.S.
1101 (1986). Evidence is sufficient to support a conviction under the law of parties where the actor is physically present at
the commission of the offense, and encourages the commission of the offense either by words or other agreement. Burdine
v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987); Lively v. State, 940 S.W.2d 380,
383 (Tex. App.--San Antonio 1997), aff'd on other grounds, 968 S.W.2d 363 (Tex. Crim. App. 1998). 

Sufficiency of the Evidence

 Appellant's first two issues concern the legal sufficiency of the evidence to support her conviction. A legal sufficiency
review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979);Margraves v. State, No. 1354-99, 2000 Tex. Crim. App. LEXIS 105, *11 (December
6, 2000); Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). 

 In a legal sufficiency review, the jury remains the exclusive judge of the credibility of the witnesses and of the weight to be
given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The appellate court serves to ensure
the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). The jury is entitled to draw reasonable inferences from the evidence. Benavides v. State, 763
S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). 

 In her first issue, appellant contends that the evidence is legally insufficient to show that she caused the child to touch the
genitals of Jose Luis Gonzalez. In her voluntary statement, appellant admitted that she instructed her son to grab her
husband's testicles for the photograph. A rational jury could have found this evidence sufficient to prove that appellant
caused sexual contact between R.S. and his stepfather. We overrule appellant's first issue. 

 In her second issue, appellant argues that the evidence is legally insufficient to show that the touching, if any, was done
with the intent to arouse or gratify the sexual desire of Jose Luis Gonzalez. The indecency offense requires intent to arouse
or gratify sexual desire because legitimate, non-criminal, contact may occur between parents, nurses, doctors, or other
care-givers and a child on the relevant body parts. See Caballero v. State, 927 S.W.2d 128, 130-31 (Tex. App.--El Paso
1996, pet. ref'd). The offense does not require that arousal or gratification actually occur. Id. Specific intent to arouse or
gratify the sexual desire of a person can be inferred from conduct, remarks, or all of the surrounding circumstances. See
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); Couchman v. State, 3 S.W.3d 155, 163 (Tex. App.--Fort
Worth 1999, pet ref'd); Santos v. State, 961 S.W.2d 304, 308 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Here,
appellant's intent can be inferred from her instructions to the minor to touch her husband's genitals and the photographs
themselves. 

 We note that appellant contended that they were just "playing around" in the photographs. However, in determining the
legal sufficiency of the evidence to show appellant's intent, we must presume that the trier of fact resolved any conflict in
testimony in favor of the prosecution, and must defer to that resolution. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim.
App. 1991). Moreover, the jury is the sole judge of the credibility of the witnesses. Williams, 692 S.W.2d at 676. It was
reasonable for the jury to conclude that the sexual contact was made with the intent to arouse or gratify the sexual desire of
Jose Luis Gonzalez. We overrule appellant's second issue. 

Former Jeopardy

 In her third and fourth issues, appellant contends that the trial court erred in denying her plea of former jeopardy in
violation of the fifth and fourteenth amendments to the United States Constitution and article I, section 14 of the Texas
Constitution. See United States Const. amend. V, XIV; Tex. Const. art. I, §14. 

 In a prior jury trial, the trial court granted a mistrial based on the introduction of evidence. The State had introduced
photographs of the child by himself, in the nude, as relevant to context or res gestae, or as evidence of extraneous offenses
which tended to prove the element of sexual gratification. Although the trial court initially allowed the introduction of the
photographs, the court later reversed its decision and granted appellant's motion for mistrial on grounds that the State had
failed to provide notice of its intent to utilize the photographs as evidence of extraneous offenses, as required by article
38.37 of the code of criminal procedure and rule of evidence 404(b). See Tex. Crim. Proc. Code Ann. art. 38.37 (Vernon
Supp. 2000-01); Tex. R. Evid. 404(b). 

 A successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, not only when the
objectionable conduct of the prosecutor was intended to induce a motion for mistrial, the Fifth Amendment standard
underOregon v. Kennedy, 456 U.S. 667 (1982), but also when the prosecutor was aware but consciously disregarded the
risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request. Bauder v.
State, 921 S.W.2d 696, 699 (Tex. Crim. App. 1996)("Bauder I"). The critical determination is whether appellant moved
for mistrial in response to ordinary reversible error, or, on the other hand, whether appellant was required to move for
mistrial because the prosecutor deliberately or recklessly crossed the "line between legitimate adversarial gamesmanship
and manifestly improper methods," thus rendering trial before the jury unfair to such a degree that no judicial
admonishment could have cured it. Ex parte Bauder, 974 S.W.2d 729, 732 (Tex. Crim. App. 1998)("Bauder II"). 

 In order for a prosecutor's offer of evidence to be viewed as an intentional or reckless act within this context, he must have
either (1) believed the evidence would materially improve his chances of obtaining a conviction, and the law considers the
prejudicial effect of such objectionable evidence to be incurable even by a firm judicial admonishment to the jury; or (2)
been aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a
mistrial at the defendant's request, or have been aware but consciously disregarded the risk that a mistrial would be
reasonably certain to occur as a result of his conduct. State v. Lee, 15 S.W.3d 921, 925 (Tex. Crim. App. 2000). 

 According to statements made in the record, the prosecutor in this case believed that he did not need to give notice that he
intended to introduce the photographs as extraneous offenses because he had produced copies of the photographs to
opposing counsel in discovery before trial. The prosecutor specifically testified that he did not seek to introduce the
photographs after failing to give notice intentionally or recklessly so as to cause a mistrial. 

 In the instant case, the prosecutor offered essentially two rationales for the introduction of the photographs: (1) the
photographs were contextual evidence, or (2) the photographs were evidence of extraneous offenses. In attempting to
introduce these photographs, the prosecutor may well have been relying on law concerning the admissibility and use of
photographs of a minor victim. In Lewis v. State, 676 S.W.2d 136 (Tex. Crim. App. 1984), the appellant was indicted for
indecency with a child by touching. The court of criminal appeals held that photographs depicting the nude minor victim
alone were admissible to show the context in which the offense occurred. Id. at 139. The photographs were also
admissible so the jury could determine whether the appellant had the requisite intent to arouse or gratify his sexual desire
during the sexual contact. Id. Given that the prosecutor had a legitimate use for the photographs for which extraneous
offense notice was not required, the prosecutor did not disregard a risk that a mistrial would be required or even that a
mistrial would be reasonably certain to occur. Lee, 15 S.W.3d at 926. Nor could the prosecutor have intended to induce a
mistrial. Id. We therefore overrule appellant's third and fourth issues. 

Instruction on Lesser Included Offense

 In her fifth issue, appellant contends that the trial court erred in denying her requested instruction on the "lesser included
offense" of indecent exposure. A defendant is entitled to an instruction on a lesser included offense where the proof for the
offense charged includes the proof necessary to establish the lesser included offense and there is some evidence in the
record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included
offense. Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999);see also Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994);Rousseau v. State, 855 S.W.2d 666, 672-75 (Tex. Crim. App. 1993),cert. denied, 510 U.S. 919 (1993). 

 There are two ways the evidence may indicate a defendant is guilty only of a lesser offense. Saunders v. State, 840 S.W.2d
390, 392 (Tex. Crim. App. 1992). First, there may be evidence that negates or refutes other evidence establishing the
greater offense. Id. Second, the evidence presented may be subject to two different interpretations. Id. Anything more
than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Bignall, 887 S.W.2d at 23. In other words,
the evidence must establish the lesser included offense as a "valid, rational alternative to the charged offense." Forest, 989
S.W.2d at 367. 

 We must first consider whether the proof for the offense charged, that is, indecency with a child, includes the proof
necessary to establish the lesser included offense, indecent exposure. A person commits indecency with a child if, with a
child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual
contact with the child; or (2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse
or gratify the sexual desire of any person. See Tex. Pen. Code Ann. §21.11(a) (Vernon Supp. 2001).(1) "Sexual contact" is
defined as any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify
the sexual desire of any person. Id. at §21.01(2) (Vernon 1994). A person commits indecent exposure if he exposes his
anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about
whether another is present who will be offended or alarmed by his act. See Tex. Pen. Code Ann. §21.08 (Vernon 1994).
Indecent exposure is a lesser included offense of indecency with a child by exposure under section 21.11(a)(2). See Roof v.
State, 665 S.W.2d 490, 491 (Tex. Crim. App. 1984); Briceno v. State, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979).
However, the proof for indecency with a child by sexual contact, the offense charged, does not include the proof necessary
to establish the lesser included offense of indecent exposure. In short, sexual contact may occur without the defendant's
exposure of his genitals or anus. Moreover, we note that there is no evidence in the record that would permit a jury
rationally to find that if the defendant is guilty, she is guilty only of indecent exposure. See Forest, 989 S.W.2d at 367.
Therefore, appellant was not entitled to an instruction on indecent exposure. We overrule appellant's fifth issue. 

 Having overruled each of appellant's issues on appeal, we affirm the conviction. 

_________________________ 

ROGELIO VALDEZ 

Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 29th day of March, 2001. 

 

1. Appellant was indicted under a former version of this section; however, the prior law and current law are identical
concerning the elements of the offense alleged. We will therefore refer to the current version of the statute, codified at Tex.
Penal Code Ann. §21.11(a) (Vernon Supp. 2001).