TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00351-CR







Lazaro Abalos, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-98-291, HONORABLE STEPHEN W. MANSFIELD, JUDGE PRESIDING







A jury found appellant Lazaro Abalos guilty of indecency with a child by contact. 
See Tex. Pen. Code Ann. § 21.11 (West Supp. 2002). The punishment assessed was imprisonment
for seven years, but on the jury's recommendation imposition of sentence was suspended and
appellant was placed on community supervision. Appellant complains of error in the charge and in
jury selection. We overrule these contentions and affirm the conviction. 

Appellant, a Hays County deputy sheriff assigned to Hays High School, had sexual
intercourse with a sixteen-year-old student. The student testified that she told appellant she was
seventeen, and appellant testified that he believed her. In his first point of error, appellant contends
the district court erred by refusing to instruct the jury that it was a defense to this prosecution that
appellant reasonably believed that the complainant was seventeen years old. See Tex. Pen. Code
Ann. § 8.02 (West 1994) (mistake of fact defense).

A mistake of fact is a defense to prosecution only if it negates the kind of culpability
required for commission of the offense. Id. In a prosecution for indecency with a child, it is
unnecessary for the State to prove that the defendant knew that the complainant was under the age
of seventeen. Johnson v. State, 967 S.W.2d 848, 850 (Tex. Crim. App. 1998); see Mateo v. State,
935 S.W.2d 512, 514 (Tex. App.--Austin 1996, no pet.) (same holding in prosecution for aggravated
sexual assault of child). Appellant asks us to disregard the holding in Johnson, arguing that the
concurring and dissenting opinions in that case indicate a lack of consensus. A reading of the
opinions reflects, however, that the court's holding was joined by seven judges; only the two
dissenting judges disagreed. We also find no support for appellant's position in the presumption that
all offenses require a culpable mental state. See Aguirre v. State, 22 S.W.3d 463, 472 (Tex. Crim.
App. 1999); Tex. Pen. Code Ann. § 6.02(b) (West 1994). Indecency with a child requires a culpable
mental state, but it does not apply to the child's age for the reasons explained in Johnson. (1)

Because it was not necessary for the State to prove that appellant knew that the
complainant was younger than seventeen, appellant's mistaken belief regarding her age did not
negate the culpability required for the commission of the offense and the defensive instruction was
properly refused. See Jackson v. State, 889 S.W.2d 615, 617 (Tex. App.--Houston [14th Dist.]
1994, pet. ref'd) (same holding in prosecution for sexual assault of child). Point of error one is
overruled.

Point of error two is related to point one. In it, appellant asserts that the court
improperly commented on the weight of the evidence by instructing the jury that his mistaken belief
as to the complainant's age was not a defense to prosecution. Appellant did not make this objection
in the trial court. For the reasons stated above, the instruction was a correct statement of the law. 
Point of error two is overruled.

Finally, appellant urges that the court erred by granting the State's challenge for cause
to a prospective juror based on the panelist's alleged bias against the law. See Tex. Code Crim. Proc.
Ann. art. 35.16(b)(3) (West Supp. 2002). The erroneous grant of a State's challenge for cause will
call for reversal only if the record shows that the error deprived the defendant of a lawfully
constituted jury. Jones v. State, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998). Appellant does not
allege and the record does not show that the error, if any, in granting the State's challenge deprived
appellant of a lawful jury. Point of error three is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 25, 2002

Do Not Publish
1. The indictment in this cause alleged that appellant "with intent to arouse or gratify the sexual
desire of said [appellant], intentionally and knowingly engage[d] in sexual contact with [the
complainant], by touching the genitals of the said [complainant] with the Defendant's penis, and the
said [complainant] was then and there a child younger than seventeen (17) years and not [appellant's]
spouse."