# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00351-CR

**Lazaro Abalos, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-98-291, HONORABLE STEPHEN W. MANSFIELD, JUDGE PRESIDING

A jury found appellant Lazaro Abalos guilty of indecency with a child by contact. *See* Tex. Pen. Code Ann. ' 21.11 (West Supp. 2002). The punishment assessed was imprisonment for seven years, but on the jury=s recommendation imposition of sentence was suspended and appellant was placed on community supervision. Appellant complains of error in the charge and in jury selection. We overrule these contentions and affirm the conviction.

Appellant, a Hays County deputy sheriff assigned to Hays High School, had sexual intercourse with a sixteen-year-old student. The student testified that she told appellant she was seventeen, and appellant testified that he believed her. In his first point of error, appellant contends the district court erred by refusing to instruct the jury that it was a defense to this prosecution that appellant reasonably believed that the complainant was seventeen years old. *See* Tex. Pen. Code Ann. ' 8.02 (West 1994) (mistake of fact defense).

A mistake of fact is a defense to prosecution only if it negates the kind of culpability required for commission of the offense. *Id*. In a prosecution for indecency with a child, it is unnecessary for the State to prove that the defendant knew that the complainant was under the age of seventeen. *Johnson v. State*, 967 S.W.2d 848, 850 (Tex. Crim. App. 1998); *see Mateo v. State*, 935 S.W.2d 512, 514 (Tex. App.CAustin 1996, no pet.) (same holding in prosecution for aggravated sexual assault of child). Appellant asks us to disregard the holding in *Johnson*, arguing that the concurring and dissenting opinions in that case indicate a lack of consensus. A reading of the opinions reflects, however, that the court=s holding was joined by seven judges; only the two dissenting judges disagreed. We also find no support for appellant=s position in the presumption that all offenses require a culpable mental state. *See Aguirre v. State*, 22 S.W.3d 463, 472 (Tex. Crim. App. 1999); Tex. Pen. Code Ann. ' 6.02(b) (West 1994). Indecency with a child requires a culpable mental state, but it does not apply to the child=s age for the reasons explained in *Johnson*.[1]

Because it was not necessary for the State to prove that appellant knew that the complainant was younger than seventeen, appellant=s mistaken belief regarding her age did not negate the culpability required for the commission of the offense and the defensive instruction was properly refused.

---

[1] The indictment in this cause alleged that appellant Awith intent to arouse or gratify the sexual desire of said [appellant], intentionally and knowingly engage[d] in sexual contact with [the complainant], by touching the genitals of the said [complainant] with the Defendant=s penis, and the said [complainant] was then and there a child younger than seventeen (17) years and not [appellant=s] spouse.@

*See Jackson v. State*, 889 S.W.2d 615, 617 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d) (same holding in prosecution for sexual assault of child). Point of error one is overruled.

Point of error two is related to point one. In it, appellant asserts that the court improperly commented on the weight of the evidence by instructing the jury that his mistaken belief as to the complainant=s age was not a defense to prosecution. Appellant did not make this objection in the trial court. For the reasons stated above, the instruction was a correct statement of the law. Point of error two is overruled.

Finally, appellant urges that the court erred by granting the State=s challenge for cause to a prospective juror based on the panelist=s alleged bias against the law. *See* Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (West Supp. 2002). The erroneous grant of a State=s challenge for cause will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury. *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998). Appellant does not allege and the record does not show that the error, if any, in granting the State=s challenge deprived appellant of a lawful jury. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   April 25, 2002

Do Not Publish