# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00425-CR

**Patrick Reville Dixon, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 52422, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Patrick Reville Dixon was placed on deferred adjudication supervision after he pleaded guilty to sexually assaulting a child. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2004-05). The district court later revoked supervision, adjudged him guilty, and imposed a five-year prison sentence. This appeal followed.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief asserting five points of error. The first two urge that the evidence is legally and factually insufficient to sustain the conviction. Construing these points as challenges to the trial court's finding that the evidence substantiated appellant's guilt, they are not properly before us. Error at the guilty plea proceeding in which a defendant is placed on deferred adjudication supervision must be raised in an appeal from the deferred adjudication order. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). Even if appellant's contentions were properly before us, they are without merit. Appellant's belief that lack of consent is an element of sexual assault of a child is erroneous. *See* Tex. Pen. Code Ann. § 22.011(a)(2). And the State was not required to prove that appellant knew that the complainant was underage. *See Mateo v. State*, 935 S.W.2d 512, 514 (Tex. App.—Austin 1996, no pet.) (knowledge of complainant's age is not element of offense). Appellant's written judicial confession is adequate to prove his guilt. Pro se points of error one and two are overruled.

Next, appellant urges that the trial court erred by failing to conduct a hearing to determine his competence. Insofar as this contention relates to the original hearing, it is not properly before us for the reason stated above. The record before us reflects that appellant suffers from an organic learning disability and is considered mildly retarded. The record also reflects that a qualified expert was appointed by the court to examine appellant prior to the adjudication hearing and that appellant was determined to be competent. We also note that the attorneys who represented

2

appellant in his various court appearances consistently expressed their belief in his competence. Pro se point of error three is overruled.[1]

In point four, appellant contends his confession was inadmissible under article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22 (West 2005). Once again, appellant is asserting error at the original proceeding. In any event, the confession to which he refers is his written judicial confession. It was not the product of custodial interrogation, and thus article 38.22 does not apply. The judicial confession reflects that appellant was represented by counsel at the time it was made and that he had knowingly and voluntarily waived all applicable rights. Pro se point of error four is overruled.

Finally, appellant contends his attorney was ineffective because he did not request a competency hearing, did not assert the promiscuity or mistake of fact defenses, and did not object to the introduction of the judicial confession. We have already explained why issues relating to the original guilty plea proceeding are not properly before us in this appeal. Counsel was not ineffective for failing to make objections which would have been without merit for the reasons we have also discussed.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

---

[1] Appellant has also filed a pro se motion for competency hearing in this Court. The motion reasserts the contentions raised in this point of error. The motion is dismissed.

The judgment of conviction is affirmed.


_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 14, 2005

Do Not Publish

4