

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0945-10

**OWEN THOMAS HARRIS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## NUECES COUNTY

**KELLER, P.J., filed a dissenting opinion.**

In *Amador*, the Court determined that indecent exposure is a lesser-included offense of indecency with a child by exposure, and I have no dispute with that holding.[1] The present case involves a question that the *Amador* court explicitly declined to address: What is the unit of prosecution for the offense of indecency with a child by exposure?[2] Although the unit of prosecution

---

[1] *Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010).

[2] *See id.* at 207 (whether "two counts of indecency with a child by exposure can be based upon a single exposure if there are two child victims . . . . is not the issue before us today. Neither party has raised this argument at any stage in this case—in the courts below or before this Court—and we granted review solely to consider the continuing validity of our holding in *Briceno*

for indecent exposure is each exposure, without regard to how many people are present, there are substantive differences between indecent exposure and indecency with a child by exposure that I believe compel a different conclusion about the unit of prosecution for the latter offense. I would hold that each victim of indecency with a child is a separate unit of prosecution. Thus, if a defendant knowingly exposes himself to three children, as occurred here, he is guilty of three offenses.

### A. Each Child is a Separate Unit of Prosecution

The Court correctly explains that, absent explicit legislative direction, the best indicator of legislative intent with respect to the unit of prosecution is "the focus or 'gravamen' of the offense."[3] An offense may be focused in any of three ways: on the result of conduct, on the nature of conduct, or on the circumstances surrounding the conduct.[4] Some offenses may have more than one focus. For example, capital murder contains elements that focus on the result of conduct and elements that focus on the nature of conduct.[5] As to circumstances surrounding conduct, "where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances."[6] And when a culpable mental state is required to attach to a particular circumstance, we have said that it is because that circumstance is the gravamen of the offense.[7] Indecency with a child appears to be focused on both conduct and

---

that indecent exposure is a lesser-included offense of indecency with a child by exposure").

[3] *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010)

[4] *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008).

[5] *Id.*

[6] *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).

[7] *See id.* at 908.

circumstances.

The statute provides:

> A person commits an offense if, *with a child* younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes the person's anus or any part of the person's genitals, knowing *the child* is present.[8]

This offense is focused, first, on the nature of conduct—exposure—and second, on the circumstances surrounding the conduct—the presence of a child.

A culpable mental state does in fact attach to the presence of a child ("knowing the child is present"), and such a culpable mental state is necessary because exposing oneself with the intent to arouse or gratify sexual desire is not by itself criminal.[9] Under *Huffman*, the fact that a culpable mental state attaches to the circumstances surrounding the conduct–the presence of a child–means that that element is a gravamen of the offense.

Moreover, the statute specifies that the defendant be aware of the presence of "*the* child," not "a child" or "any child." This seems to indicate that a particular child victim is contemplated, which in turn would indicate that the child victim defines the unit of prosecution.

In some ways this offense is similar to the failure-to-stop-and-render-aid offense at issue in *Huffman*, which also had two areas of focus (though both were circumstance-based): (1) the existence of an accident, and (2) the existence of victims.[10] Taking both areas of focus into account

---

[8] TEX. PENAL CODE §21.11(a)(2)(A) (emphasis added).

[9] The indecency-with-a-child-by-exposure defendant must be aware of a person's presence and that person must be a child, but the defendant does not have to be aware that the person is a child. *Roof v. State*, 665 S.W.2d 490, 491-92 (Tex. Crim. App. 1984) (concluding that the reference "in *Briceno* that the defendant must know a child is present is dictum.").

[10] *See Huffman*, 267 S.W.3d at 908.

in *Huffman*, we determined the allowable unit of prosecution for the failure-to-stop-and-render-aid offense to be "each victim, each accident."[11] Similarly, with the presence of a child and the act of exposure being the areas of focus in an indecency-with-a-child-by exposure case, the allowable unit of prosecution should be "each child, each exposure."

This conclusion is consistent with the wording of the other provisions in the indecency-with-a-child statute. The statute sets out the following methods of committing indecency with a child, including the exposure offense already quoted above:

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>
> (2) with intent to arouse or gratify the sexual desire of any person:
>
>> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>>
>> (B) causes the child to expose the child's anus or any part of the child's genitals.[12]

The "sexual contact" offense found in § 21.11(a)(1) obviously contemplates that a particular child is the victim of sexual contact, and the other method of committing indecency with a child by exposure, found in §21.11(a)(2)(B), contemplates that the defendant causes a particular child to be exposed. With both statutes, there would be at least as many offenses as there are child victims. Sandwiched between these two provisions, and sharing some of the language of each, is the indecency-with-a-child-by-exposure offense at issue in the present case. It would be anomalous to

---

[11] *Id.*

[12] TEX. PENAL CODE §21.11(a).

find that the statute prescribes different units of prosecution for the different methods of committing indecency with a child, when the different methods are so closely woven together in the language of the statute. For all of these reasons, and for an additional reason that I discuss below, I would hold that the unit of prosecution for indecency with a child by exposure is each child, each exposure—meaning, for example, that the State can seek two convictions for a single exposure when there are two child victims.

### B. The Unit of Prosecution for Greater and Lesser-Included Offenses Can Be Different

In *Amador*,[13] the Court confirmed that indecent exposure is a lesser-included offense of indecency-with-a-child-by-exposure. The Court seems to suggest that this holding leads to the conclusion that the unit of prosecution for the two offenses must be the same. I think it does not, because greater and lesser offenses can have different units of prosecution.

There is no requirement that greater and lesser-included offenses measure the unit of prosecution in the same way. The extra elements in a greater offense may well supply a unit of prosecution that was not present in a lesser-included offense. For example, indecent exposure may be included within an aggravated sexual assault,[14] but aggravated sexual assault is clearly an offense for which each victim would be a separate unit of prosecution. Theft can be a lesser-included

---

[13] *Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010).

[14] *See Patterson v. State*, 152 S.W.3d 88 (Tex. Crim. App. 2004). The offenses at issue in *Patterson* were indecency-with-a-child-by-exposure and aggravated sexual assault. *See id.* at 92. An aggravated sexual assault that subsumes an indecency-with-a-child-by-exposure offense would also subsume the lesser-included offense of indecent exposure.

offense of robbery,[15] but if two people are present when one item is forcibly stolen, there can be two robberies even if there was only one theft.[16] The question here, therefore, is whether there is an extra element in the greater offense of indecency with a child that supplies a unit of prosecution not present in the lesser offense of indecent exposure.

Indecent exposure is defined as follows:

> A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.[17]

In *Wallace v. State*, we held that "to whom the exposure is directed is not an essential element of the offense of indecent exposure."[18] We found that the failure to plead that the accused exposed himself to a specified person did not render a charging instrument fundamentally defective.[19] That holding, made at a time when the failure to name a complaining witness was considered a fundamental defect,[20] leads to the inescapable conclusion that the offense of indecent

---

[15] *Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995); TEX. PENAL CODE §§ 29.02(a) (robbery occurs as a result of certain acts committed "in the course of committing theft"), 29.01(1) ("In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft"). *See also Sweed v. State*, No. PD-0273-10, 2011 Tex. Crim. App. LEXIS 1395, 12 (October 19, 2011) (assuming without deciding that theft was a lesser-included offense of aggravated robbery in that case).

[16] *Ex parte Hawkins*, 6 S.W.3d 554, 560-61 (Tex. Crim. App. 1999).

[17] TEX. PENAL CODE §21.08(a).

[18] *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977).

[19] *Id.*

[20] *See Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex. Crim. App. 1976); *see also Fisher v. State*, 887 S.W.2d 49, 55 n.8 (Tex. Crim. App. 1994) (citing *Lewis* for the proposition that the absence of the victim's name rendered a charging instrument fundamentally defective prior to the 1985

exposure has no complaining witness or victim that would define a unit of prosecution for the offense.

The holding in *Wallace* is, furthermore, consistent with the language of the indecent-exposure statute. "Whether another is present" is a circumstance surrounding the conduct of exposure. The indecent-exposure statute requires a finding that the defendant was reckless with respect to this circumstance. Under the Penal Code, a person is reckless with respect to circumstances surrounding his conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist."[21] The definition of "reckless" does not itself say that the circumstances actually exist. And the wording of the indecent-exposure statute—that a defendant be "reckless about *whether* another is present"—indicates that another person does not have to actually be present. So, if a defendant walked onto a public street and exposed himself, consciously disregarding a substantial and unjustifiable risk that another was present, but fortuitously, no other person happened to be present, the defendant would nevertheless be guilty of the crime of indecent exposure.

The Court contends that the offense of indecency with a child by exposure should be interpreted in conformity with *Wallace*'s interpretation of the offense of indecent exposure, and that an indictment for indecency with a child by exposure would not even have to name the child victim. But there are significant differences in the wording of the two offenses. The existence of an actual victim is not an element of indecent exposure, but it most certainly is an element of indecency with a child by exposure. If a defendant believed that a child was present while he exposed himself but

---

constitutional amendment).

[21] Tex. Penal Code §6.03(c) (definition of "recklessly").

was mistaken (no child in fact being present), he would *not* be guilty of indecency with a child by exposure. And this is the critical distinction between the offenses: indecent exposure can occur even if no person is present, but indecency with a child cannot occur unless a child is actually present.[22] The failure to prove the actual presence of a child would result in an acquittal of indecency with a child because of the failure to prove an element of the offense. Because the existence of an actual child victim is an element of the offense, an indictment for indecency with a child by exposure must allege the name of the child victim, just as the name of a victim must be alleged in an indictment for any other offense that requires a victim, such as murder, robbery, or assault.[23] The Court's holdings in *Wallace* and in *Amador* do not compel a contrary conclusion.

With these comments, I respectfully dissent.

FILED: November 9, 2011
PUBLISH

---

[22] The Court agrees that the child needs to be present for the offense to be effectuated.

[23] The Court is correct that the name of the victim is not an element of the offense of indecency with a child by exposure, but that does not mean that it need not be alleged. The name of a victim is not an element of any offense.

The Court contends that "if the dissent's argument was correct, then indecent exposure would also be defined by the victim since a mental state (reckless) attaches to a circumstance (the presence of another who will be offended or alarmed by his act)." Court's op. at 14. But the required mental state does not attach to the presence of another, it attaches to the "whether" another is present. That is, it attaches to the possibility that another is present, not to the actual presence of another.