**Opinion issued November 29, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00059-CR

————————————

**WALTER LEE ROBERTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 2013442**

---

## MEMORANDUM OPINION

Appellant, Walter Lee Roberts, was charged by information with disorderly conduct.[1] Appellant pleaded not guilty, and the jury found him guilty. The trial

---

[1] *See* TEX. PENAL CODE ANN. § 42.01(a)(8) (Vernon Supp. 2016).

court assessed punishment at 180 days' confinement, suspended the sentence, and placed Appellant on community supervision for 90 days. The trial court also assessed a fine of $2,000. In four issues[2] on appeal, Appellant argues the trial court or the State committed reversible error and his counsel provided ineffective assistance concerning (1) the constitutionality of the crime for which he was charged, (2) obtaining and producing exculpatory evidence, (3) the sufficiency of the allegations in the information, and (4) failing to include a self-defense instruction in the charge.

We affirm.

## Background

On March 5th, 2015, Etoinne Ternoir was at a gas station in Baytown, Texas. The gas station has a car wash, and Ternoir pulled his truck up to the entrance to get it washed. Before proceeding through the car wash, Ternoir did some pre-cleaning on his truck. While Ternoir was doing this, Appellant pulled up behind him. Appellant asked Ternoir if he was the attendant. Ternoir said no. Appellant replied, "So you're just in the way."

---

[2] Appellant's brief lists six issues. Five of the issues allege error on the part of the trial court or the State. Two of those pertain to the sufficiency of the allegations in the information. The last issue re-incorporates the other issues and reframes them as claims of ineffective assistance of counsel. For purposes of this opinion, we have renumbered the issues raised by Appellant. All issues raised by Appellant are disposed of by this opinion.

Ternoir told Appellant he was trying to hurry, but Appellant appeared displeased. As Ternoir was putting away the brush he had been using to clean his truck, Appellant yelled for his attention. Ternoir looked up and saw Appellant pointing a shotgun at him. Ternoir got back in his truck and proceeded through the car wash, the only way out for him. As he went through the car wash, Ternoir called 9-1-1. Police arrived as Appellant was going through the car wash.

Appellant was charged with disorderly conduct. Specifically, the information alleged "that in Harris County, Texas, Walter Lee Roberts, hereafter styled the Defendant, heretofore on or about March 5, 2015, did then and there unlawfully intentionally and knowingly display a deadly weapon, namely, a firearm, in a public place and in a manner calculated to alarm."

Appellant testified at trial. He denied pointing his shotgun at Appellant. Instead, he testified that he got out of the truck with the shotgun, walked to the store, and stood outside the store with his back to the wall. Appellant testified that he did this because he had become afraid that he could be the victim of a carjacking.

**Ineffective Assistance of Counsel Applicable Law**

We apply the following principles to each of Appellant's issues as they relate to his claims of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. amend. VI. To show ineffective

assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101.

"In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim.

4

App. 2011). Demonstrating ineffective assistance of counsel on direct appeal is "a difficult hurdle to overcome." *Id.* In order to establish it, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.*

After proving error, the appellant must affirmatively prove prejudice from the deficient performance of his attorney. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.— Texarkana 2000, pet. ref'd). The appellant "must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings." *Burruss*, 20 S.W.3d at 186. Instead, the evidence must establish that there is a reasonable probability that, but for defense counsel's errors, the jury would have had a reasonable doubt about the defendant's guilt or that the extent of his punishment would have been less. *See id.*; *see also Bone v. State*, 77 S.W.3d 828, 836–37 (Tex. Crim. App. 2002).

## Constitutionality of Charged Offense

In his first issue, Appellant argues the offense for which he was charged is unconstitutional. He argues his counsel was ineffective for not raising this matter before the trial court.

## A.     Error by Trial Court

Appellant argues in his brief,

> Texas Penal Code § 42.01(a)(8) is unconstitutional (1) on its face, (2) as applied to [Appellant], and (3) when read in conjunction with other laws because it is (1) vague, (2) overbroad, and (3) a violation of the People's clearly established rights as expressly protected via the Second, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 23 of the Texas Constitution.

The State argues most of these arguments are not preserved. We hold that none of them have been preserved.

Challenges to the constitutionality of a criminal offense cannot be raised for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Instead, they must first be presented to and ruled on by the trial court. *See id.*; TEX. R. APP. P. 33.1(a) (requiring presenting complaint to trial court and obtaining ruling as prerequisites to preserving issue for appellate review).

In his motion for new trial, Appellant argued that the statute was vague on its face. Constitutional challenges can be raised in a motion for new trial. *See Gillenwaters v. State*, 205 S.W.3d 534, 537–38 (Tex. Crim. App. 2006) (holding motion for new trial preserved constitutional vagueness challenge). Simply filing the motion is insufficient to preserve the issue, however. The Appellant must also present the motion to the trial court and obtain a ruling. *See* TEX. R. APP. P. 21.6, 33.1(a)(2); *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998) (holding presentment required for preservation under predecessor of rule 21.6); *see*

6

*also* TEX. R. APP. P. 33.1(b) (allowing motion for new trial overruled by operation of law to preserve issue for appeal in *civil* cases).

There is no evidence in the record that Appellant presented his motion for new trial to the trial court or that he obtained a ruling. Accordingly, we hold Appellant has not preserved any of his constitutional challenges to the offense under which he was charged.

## B.     Ineffective Assistance of Counsel

Appellant argues that his counsel was ineffective for failing to challenge the constitutionality of the charged offense. In his arguments about the constitutionality of the offense, Appellant raises two primary arguments: (1) the statute is vague on its face and (2) the statute conflicts with the constitutional right to bear arms.[3]

"Ordinarily, a criminal defendant who challenges a statute as unduly vague must show that it is vague as applied to the conduct for which he was charged." *Scott v. State*, 322 S.W.3d 662, 665 n.3 (Tex. Crim. App. 2010), *abrogated on other grounds by Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014), (citing *Parker v. Levy*, 417 U.S. 733, 756, 94 S. Ct. 2547, 2561–62 (1974)). A defendant can assert

---

[3]     To the degree Appellant believes he has raised more arguments than these, we hold the remaining arguments were either duplicative of the identified arguments or were inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (holding novel arguments must be grounded in analogous case law or with relevant jurisprudential framework)

a facial challenge when the statute implicates the free-speech guarantee of the First Amendment. *Id.* (citing *United States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 1845 (2008); *Gooding v. Wilson*, 405 U.S. 518, 520–21, 92 S. Ct. 1103, 1105 (1972)). Appellant has not argued that section 42.01(a)(8) of the Texas Penal Code implicates free-speech rights. Accordingly, his facial challenge to the statute must fail. *See id.* at 670–71 (holding because charged offense did not implicate free-speech rights and because defendant did not assert as-applied challenge to offense, defendant's vagueness challenge failed).

Appellant devotes less than a full page to his argument that the statute conflicts with his constitutional right to bear arms. Appellant appears to argue that, simply because the Second Amendment guarantees a right to bear arms, the statute in question is unconstitutional. *See* U.S. CONST. amend II. "[A]lthough there clearly [is a] constitutional right[] to bear arms . . . there is no constitutionally protected right to display a firearm in a public place *in a manner that is calculated to alarm*." *Ex parte Poe*, 491 S.W.3d 348, 355 (Tex. App.—Beaumont 2016, pet. ref'd). We hold Appellant has failed to establish that his counsel was ineffective for not challenging the constitutionality of the charged offense.

We overrule Appellant's first issue.

**Exculpatory Evidence**

In his second issue, Appellant argues the State and his trial counsel failed to produce exculpatory evidence.

## A. Error by the State

The offense took place at a car wash. The car wash had surveillance cameras. Appellant argues the State failed to produce exculpatory evidence by not obtaining and then producing the exculpatory evidence.

The State has a duty to turn over material evidence that may be exculpatory. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963); *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011). This duty, however, does not vest until the State obtains the material. *See Palmer v. State*, 902 S.W.2d 561, 563 (Tex. App.—Houston [1st Dist.] 1995, no pet.). "The state has no duty to seek out exculpatory information independently on [the] defendant's behalf." *Id.* Because the State never had the video, no duty to turn it over to Appellant ever arose. *See id.*

## B. Ineffective Assistance of Counsel

There is evidence in the record that the video of the offense, if it existed, was overwritten by the recording system about ten days after the offense. There currently is no proof, then, that any video footage would have actually benefitted Appellant. *See In re K.M.H.*, 181 S.W.3d 1, 9–10 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding claim of ineffective assistance based on lack of evidence discovery

was not founded in the record and court could only speculate what evidence would have revealed); *Thompson*, 9 S.W.3d at 813 (holding allegation of ineffectiveness must be firmly founded in record and record must affirmatively demonstrate alleged ineffectiveness). We hold Appellant has failed to establish that his counsel was ineffective for not obtaining the surveillance video.

We overrule Appellant's second issue.

## Allegations in Information

In his third issue, Appellant argues the information was void because it failed to allege a manner and means of the offense.

### A. Error by Trial Court

"An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense." TEX. CONST. art. V, § 12(b). The filing of a charging instrument is essential to vest the trial court with jurisdiction over the offense. *See Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995). To satisfy the constitutional requirements, the charging instrument must provide sufficient notice so as to enable the defendant to prepare a defense. *See Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). "Subject to rare exceptions, an [information] which tracks the language of the penal statute will be legally sufficient and the State need not allege facts which are merely evidentiary in nature." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); *accord*

10

*Smith v. State*, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref'd). The adequacy of a charging instrument is a question of law. *McCay v. State*, 476 S.W.3d 640, 644 (Tex. App.—Dallas 2015, pet. ref'd).

Appellant was charged under section 42.01(a)(8) of the Texas Penal Code. "A person commits an offense if he intentionally or knowingly displays a firearm or other deadly weapon in a public place in a manner calculated to alarm." TEX. PENAL CODE ANN. § 42.01(a)(8) (Vernon Supp. 2016). The information alleged "that in Harris County, Texas, Walter Lee Roberts, hereafter styled the Defendant, heretofore on or about March 5, 2015, did then and there unlawfully intentionally and knowingly display a deadly weapon, namely, a firearm, in a public place and in a manner calculated to alarm."

Appellant argues the information is void because it fails to allege the manner and means in which the offense was committed and because it fails to identify the name of the complainant. Appellant argues the information, to be constitutionally valid, should have alleged that he displayed a deadly weapon in a manner calculated to alarm, "namely by pointing a shotgun at Etoinne Ternoir."

Section 42.01(a)(8) does not require, as an element of the offense, that the offense be committed against a specific person. *See id.* Accordingly, there is no basis for arguing that a complainant should have been identified in the information. *See Moallen v. State*, 690 S.W.2d 244, 246 (Tex. Crim. App. 1985) (holding

11

identification of complainant in charging instrument not required when not identified as element of charged offense).

Likewise, specifically alleging that Appellant pointed a shotgun at the complainant is evidentiary in nature. *See Smith*, 895 S.W.2d at 453–54 (holding notice of judgment under which license was suspended was evidentiary in nature). It was not required to clarify the offense with which the State was charging Appellant. *See DeVaughn*, 749 S.W.2d at 67 (holding State is not required to plead facts that are evidentiary in nature); *see also State v. Barbernell*, 257 S.W.3d 248, 255 (Tex. Crim. App. 2008) (holding charging instrument must allege specific manner or means if statute establishing criminal offense describes act or omission as element *and* definitions provide alternative manner or means for offense to be committed).

## B.   Ineffective Assistance of Counsel

Appellant argues that his counsel should have filed a motion to quash the information based on the grounds stated above. Because we have held these grounds do not establish any errors in the charge, they cannot support Appellant's ineffective assistance of counsel allegation. *See Mooney v. State,* 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) ("Counsel is not required to engage in the filing of futile motions.").

We overrule Appellant's second issue.

**Self-Defense**

In his fourth issue, Appellant argues the trial court erred by failing to include an instruction on self-defense in the jury charge. He also argues his counsel was ineffective for failing to request an instruction.

## A. Error by Trial Court

Self-defense is a defensive issue. *Reynolds v. State*, 371 S.W.3d 511, 524 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The decision on whether to include an instruction on a defensive issue rests with the defendant and his counsel. *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998). Appellant did not request a self-defense instruction. Accordingly, the trial court did not commit any error by not including it. *See id.*

## B. Ineffective Assistance of Counsel

We note there can be strategic reasons for not requesting a defensive issue. *See id.* (holding party may decide not to raise defensive issue because evidence supporting it is so weak it could risk credibility with jury to raise it). Here, the only evidence that Appellant presents that he was entitled to the instruction was his testimony that he had become afraid of a carjacking. The only facts he presented in support of this is that the complainant did not work at the car wash and Appellant felt that the complainant, by "pre-cleaning" his car, was "doing something he wasn't supposed to be doing."

"[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (Vernon 2011). Assuming without deciding that Appellant's testimony provides sufficient facts to warrant a self-defense instruction, Appellant's counsel could have reasonably determined that the evidence was weak enough that to include the instruction in the charge could risk credibility with the jury. *See Posey*, 966 S.W.2d at 63; *Lopez* 343 S.W.3d at 143 (holding evidence must establish no reasonable trial strategy could support trial counsel's actions).

We overrule Appellant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).